## NATIONAL LABOR RELATIONS BOARD v. SALANT & SALANT, Inc., et al.

### No. 10445.

United States Court of Appeals
Sixth Circuit.
June 2, 1950.

Arnold Ordman, Washington, D. C. (David P. Findling, A. Norman Somers, Arnold Ordman, all of Washington, D. C., on the brief), for petitioner.

Joseph Martin, Nashville, Tenn. (Joseph Martin, Martin & Cochran, Memphis, Tenn., on the brief), for respondents.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

In this case the National Labor Relations Board found that each of the respondents had committed certain unfair labor practices and issued an order in accordance with this finding.

Salant & Salant, Inc., is a New York corporation operating a number of textile factories and having at the time of this controversy seven plants in Tennessee. In each locality Salant & Salant, Inc., was given substantial concessions, including factory and storage space, either free or at a nominal price, and certain counties promised Salant & Salant, Inc., among other things, exemption from water bills and other assessments in return for which Salant & Salant, Inc., undertook to secure its labor from the locality. The buildings leased for the operations were usually owned by the towns. Under these circumstances, a community of interest was created between Salant & Salant, Inc., and certain leaders in the various towns and counties. When efforts to unionize the plants ensued, Salant & Salant, Inc., aroused local sentiment to oppose the union, and certain quasi-public groups were formed to this end. Respondent Joe Shatz, treasurer of one of these groups and a store owner in certain of the towns concerned, used his credit accounts with the employees of Salant & Salant, Inc., as a means of exerting pressure to induce the employees to repudiate the union.

The Board found that Salant & Salant, Inc., the Martin Industrial Commission, the Lawrenceburg Citizen Industrial Committee, and Shatz had severally violated § 8(a) (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(1), by interfering with, restraining, and coercing the employees of Salant & Salant, Inc., in the exercise of their rights of self-organization and collective bargaining; that Salant & Salant, Inc., had instigated the acts and statements of the other three respondents, that they had acted in its interest and at its behest; and that Salant & Salant, Inc., was therefore answerable for their activities as well as for its own. Moreover, the Board concluded under the controlling clause of § 2 (2) of the Labor Management Act, 29 U.S. C.A. § 152(2) which defines "employer" to include any person "acting as an agent of an employer, directly or indirectly * * *," that the Martin Industrial Com-

mission, the Lawrenceburg Citizens Industrial Committee, and Shatz were themselves answerable as employers for their anti-union conduct.

The Board also found that Salant & Salant, Inc., and the Martin Manufacturing Company, by their lack of good faith in bargaining negotiations and by their refusal to enter into a contract with the exclusive bargaining representative of their employees, had violated § 8(a) (5) and (1) of the National Labor Relations Act. Finally, the Board found that Salant & Salant, Inc., and the Martin Manufacturing Company had violated § 8(a) (3) and (1) of the Act by discriminating against certain of their employees with respect to the terms and conditions of their employment.

In the main the Board's findings are supported by reliable, probative, and substantial evidence, Administrative Procedure Act, § 7(c), 5 U.S.C.A. § 1006(c) and we deem it unnecessary to discuss in detail the record presented in five printed volumes. However, certain modifications of the order are required, and these call for some explanation.

■ As to Ruth Weaver Cole, Olena Hollman, and Nora Newton Fry, there is no reliable, probative, and substantial evidence supporting the findings that they were discharged because of union membership, and the order of reinstatement with reference to them must be vacated.

■ The Board included in its order the following paragraph with reference to the cases of Pauline Toben and Annie Mae Rinehart Young: "Upon application for employment by Pauline Toben and Annie Mae Rinehart Young, determine the question of such employment without discriminating against them because of their union affiliation, activity on behalf of any union, or relationship to any union organizer."

The Board had previously held that the respondent Salant & Salant, Inc., had not discriminated as to the employment of Annie Mae Rinehart Young. Mrs. Young had been employed at the Lawrenceburg plant and had quit her work because she married. Her husband was a brother of Thomas Young, the local union organizer.

The Board held that the questioning of Mrs. Young by Gambill, plant superintendent of the Lawrenceburg plant, as to her relationship to Thomas Young constituted interference, restraint, and coercion. There is no substantial evidence to support this finding, and in view of the Board's specific conclusion that there was no discriminatory refusal to reemploy Mrs. Young there is no basis for the issuance of the order quoted. In it the Board attempts to exercise a general supervisory jurisdiction not bestowed upon it by statute. National Labor Relations Board v. Ford Motor Co., 5 Cir., 119 F.2d 326, 330; Reliance Mfg. Co. v. National Labor Relations Board, 7 Cir., 125 F.2d 311. If in the future Annie Mae Rinehart Young should apply for employment, and it should be charged that this employment was refused because of her union affiliation or relationship to a union organizer, the respondent Salant & Salant, Inc., would be entitled to have that question heard before the Board rather than before this court in a contempt proceeding. Reliance Mfg. Co. v. National Labor Relations Board, supra, 12 F.2d at page 322.

■ As to Pauline Toben, no act of discrimination is charged either in the complaint or in the amended charge, and the Board has no jurisdiction to issue the order in question.

■ Respondent Salant & Salant, Inc., contends that the order is too broad because it includes the clause "its officers, agents, successors, and assigns." This objection is overruled. Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661.

■ Respondent Salant & Salant, Inc., also contends that each plant must be considered separately, and if we understand the ultimate effect of its contention, it is that the order should be limited to the plants in which violation has been shown. This contention is founded upon the fact that the Board found that respondent Salant & Salant, Inc., had violated § 8(a) (1) of the Act at all of the plants with the exception of the Obion plant; that § 8(a) (5) had been violated only at the Martin plant; and that § 8(a) (3) of the Act had

been violated only at the Martin, Union City, and Lawrenceburg plants.

This contention has no merit. It ignores the fact that while not exactly the same violation occurred in every plant, and while the Board dismissed the complaint as to the Obion plant, Salant & Salant, Inc., were shown by the overwhelming weight of the testimony to have instigated, encouraged, and directed the violations of all three subsections of the Act at the various plants. As to Salant & Salant, Inc., it was shown that it had instituted a system-wide and centrally directed and coordinated movement to commit unfair labor practices. Cf. Reliance Mfg. Co. v. National Labor Relations Board, supra.

However, paragraphs A 1 (g) and B 1 (c) must be deleted. May Department Stores Co. v. National Labor Relations Board, 326 U.S. 376, 66 S.Ct. 203, 90 L.Ed. 145; National Labor Relations Board v. Federal Engineering Co., 6 Cir., 153 F.2d 233; National Labor Relations Board v. American Rolling Mill Co., 6 Cir., 154 F.2d 57.

■ The Board issued an order requiring the Lawrenceburg Citizens Industrial Committee to cease interfering with the rights of the employees to self-organization "by holding or sponsoring anti-union rallies." The Martin Industrial Commission was ordered to cease and desist from interfering with the rights to self-organization "by campaigning against and urging the employees not to join, or to withdraw from, the Amalgamated Clothing Workers of America or any other labor organization." These paragraphs of the order are plainly illegal since they enjoin statements and conduct now permissible under § 8(c) of the amended Act which provides that the expression of any views, argument or opinion shall not constitute or be evidence of an unfair labor practice if such expression contains no threat of reprisal or force or promise of benefit.

The Board concedes that these orders are incorrect, and docs not seek their enforcement. They have been eliminated in the order.

■ The notices in the various appendices which are required to be posted by the different respondents fail to recognize the right of a worker, if he so desires, not to be affiliated with any union. This omission has been corrected in the order (Cf. National Labor Relations Board v. Bailey Co., 6 Cir., 180 F.2d 278), and in other respects the notices have been ordered to conform to this decision.

As so modified, a decree will be entered enforcing the order of the Board.