**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**JUDD CONTRACTING, INC., Respondent.**

No. 03–1407.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2003.

Aileen A. Armstrong, Dep. Asso. Gen. Counsel, National Labor Relations Board, Washington, DC, for Petitioner.

Chris Parfitt, Schier, Deneweth & Parfitt, Troy, MI, for Respondent.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

### *SUPPLEMENTAL JUDGMENT*

Upon application of the National Labor Relations Board (the "Board"). this court granted summary enforcement of a May 23, 2001 decision and order of the Board finding the respondent had violated federal labor law by discharging an employee for protected union activities, support and sympathies. *NLRB v. Judd Contracting. Inc.,* No. 01–2084, 2001 WL 1216962 (6th Cir. Oct. 4.2001) (unpublished judgment). That judgment directed the respondent, *inter alia,* to reinstate the discharged employee and to make him whole for his loss of earnings and other benefits. Subsequently, the Regional Director issued a compliance specification setting forth the amount of backpay due the discharged employee. The respondent did not file an answer to the specification, and the Board entered a decision and order on November 22, 2002. directing that the employee be paid $26.410.90 plus interest.

The Board now applies to this court for summary enforcement of its November 22.2002 decision and order. Although the respondent did not file any objections before the Board, it has. through counsel, filed with this court a response in which it asserts all references to "officers, agents. successors and assigns" should be deleted from the Board's decision and order and this court's judgment because "[n]o officer or agent has ever been a party to these proceedings and there is no procedural basis for any suggestion that an individual officer or agent is responsible for paying the wages" of the discharged employee. The Board opposes the proposed deletion.

Because a corporation is an artificial legal entity that may act only through its officers and agents. *Stop & Shop Companies, Inc. v. Federal Insurance Co.* 136 F.3d 71, 74 (1st Cir.1998): *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 799, 88 L.Ed.2d 775 (1986): *Barge v. Jaber*, 831 F.Supp. 593, 601 (S.D.Ohio 1993), *aff'd*, 39 F.3d 1181 (6th Cir.1994) (table): the Board's order is properly directed to the respondent's officers and agents. We conclude the respondent's argument is without merit. *See NLRB v. Salant & Salant, Inc.*, 183 F.2d 462, 464 (6th Cir. 1950) (summarily overruling similar argument).[1]

Because the respondent does not present any other objections to the Board's decision and order and because, in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board from the ALJ's decision, we conclude that summary enforcement is proper in this case. *See NLRB v. Ochoa Fertilizer Corp.*, 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312, 322 (1961);

*NLRB v. Tri–State Warehouse & Distributing, Inc.*, 677 F.2d 31, 31–32 (6th Cir. 1982) (order); *NLRB v. Innkeepers of Ohio, Inc.*, 596 F.2d 177, 178 (6th Cir.1979) (order).

It therefore is ORDERED that the Board's decision and order of November 22, 2001, in Case No. 7–CA–43054 is hereby enforced. The respondent. Judd Contracting, Inc., Detroit, Michigan, its officers, agents, successors and assigns, shall make whole Lee W. Straughter by paying him $26.410.90. plus interest as set forth in *New Horizons for the Retarded,* 283 N.L.R.B. 1173 (1987). minus any tax withholdings required by federal and state laws.

---

1. We note that the respondent did not object to the inclusion of the phrase "officers, agents, successors, and assigns" in the Board's May 23.2001 decision and order and this court's October 4.2001 judgment enforcing that order.