**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**POWER EQUIPMENT COMPANY, Respondent.**

**No. 14959.**

United States Court of Appeals Sixth Circuit.

June 5, 1963.

Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., Philip Fusco, Director, 8th Region, N. L. R. B., Cleveland, Ohio, for petitioner.

George S. Maxwell, F. O. Burkhalter, Cleveland, Ohio, for respondent.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

In our opinion of February 15, 1963, in this case (6 Cir., 313 F.2d 438), we decreed enforcement of the order of the National Labor Relations Board subject to modification of the order with reference to employees wearing bowling shirts with union insignia inscribed thereon during working hours. We remanded the case to the Board with instructions to fashion an order in accordance with the modification.

The Board has now submitted an order purporting to be in accordance with our modification and a motion for its adoption. Counsel for the respondent filed a motion in opposition to the order submitted by the Board. Included in his motion are alternative provisions for paragraph 1(b) of the order and the paragraph of the notice concerning the wearing of bowling shirts by employees during working hours.

Upon consideration of the motions and the order, we are of the opinion that the alternative provisions submitted by counsel for the respondent more effectively comply with our order of modification than do those submitted by the Board. In the alternative provisions, counsel for the respondent has stricken the words "or any other labor organization." It is proper to include such language in the order and notice and it should not be stricken. National Labor Relations Board v. Ochoa Fertilizer Corporation et al., 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312.

The Board is directed to prepare and submit an amended order using the alternative language suggested by counsel

for the respondent for paragraph 1(b) of the order and the above described paragraph of the notice, including the language "or any other labor organization."

The respondent's objection to the third paragraph of the notice will be overruled.