NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

POWER EQUIPMENT COMPANY,
Respondent.

No. 14959.

United States Court of Appeals
Sixth Circuit.

July 26, 1963.

Marcel Mallet-Prevost Asst. Gen. Counsel, N.L.R.B. Washington, D. C., Philip Fusco Director, Eighth Region, N.L.R.B. Cleveland, Ohio, for petitioner.

George S. Maxwell, F. O. Burkhalter, Cleveland, Ohio, for respondent.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and BOYD, District Judge.

DECREE.

This cause came on to be heard upon the petition of the National Labor Relations Board to enforce its order dated February 8, 1962, directed against the Respondent in the above-captioned case. The Court heard argument of respective counsel on December 5, 1962, and has considered the briefs and transcript of record filed in this cause. On February 15, 1963, the Court, being fully advised in the premises handed down its opinion 6 Cir., 313 F.2d 438 in which it decreed enforcement of the order of the Board subject to modification of the order with reference to employees wearing bowling shirts with union insignia inscribed thereon during working hours. The Court remanded the case to the Board with instructions to fashion an order in accordance with the modification. On April 30, 1963, the Board filed its Motion for Entry of Decree with a proposed Decree modifying the Board's order. Thereafter, counsel for Respondent filed a motion in opposition to the order as submitted by the Board and sought requirement of alternative provisions for paragraph 1(b) of the order, applicable to the wearing of clothing bearing union insignia by Respondent's employees during working hours; and for paragraph 1(c) of the order prohibiting interference, restraint or coercion by Respondent with employee rights relative to the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, AFL–CIO, or any other labor organization; and the appropriate paragraphs of the Notice which Respondent is required to post. On June 5, 1963, upon consideration of the motions and the order, the Court handed down its opinion 6 Cir., 318 F.2d 717 finding more appropriate the alternative provisions for paragraph 1(b) submitted by counsel for the Respondent, also approving the provisions of paragraph 1(c) as submitted by the Board. In conformity therewith, it is hereby

Ordered, Adjudged and Decreed by the United States Court of Appeals for the Sixth Circuit that the Respondent, Power Equipment Company, its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Promising benefits to employees if they abandon union or other concerted activity.

(b) Ordering or requiring employees to remove bowling shirts worn during working hours bearing initials or other identification of International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, AFL–CIO, or any other labor organization, and threatening employees with discharge if they are worn again during working hours, but nothing herein shall preclude Respondent from adopting and enforcing generally on a basis non-discriminatory to any person, group or organization a Company rule regulating employees' clothing or prohibiting the wearing of athletic shirts or insignia upon clothing, or clothing of an unusual nature during working hours, or ordering the removal of such clothing or insignia in any case where such order is based on reason.

(c) In any like or related manner interfering with, restraining or coercing employees in the exercise of their rights to self-organization, to form labor organizations, or join or assist the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, AFL–CIO, or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the National Labor Relations Act, as modified by the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter called the Act).

2. Take the following affirmative action which the Board has found will effectuate the policies of the Act:

(a) Post in conspicuous places at its place of business in Galion, Ohio, including all places where notices to employees customarily are posted, copies of the notice attached hereto as an Appendix. Copies of said notice, to be furnished by the Regional Director for the Eighth Region (Cleveland, Ohio), shall, after being duly signed by the Respondent's representatives be posted by it immediately upon receipt thereof, and maintained by it for at least 60 consecutive days thereafter. Reasonable steps shall be taken by the Respondent to insure that said notices are not altered, defaced, or covered by any other material.

(b) Notify the aforesaid Regional Director, in writing, within 10 days from the date of this Decree, what steps the Respondent has taken to comply herewith.

## APPENDIX
## NOTICE TO ALL EMPLOYEES
## PURSUANT TO

A Decree of the United States Court of Appeals enforcing an Order of the National Labor Relations Board, and in order to effectuate the policies of the National Labor Relations Act, as amended, we hereby notify you that:

WE WILL NOT promise benefits to employees if they abandon union or other concerted activity.

WE WILL NOT order or require employees to remove bowling shirts bearing the initials or other identification of International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, AFL–CIO, or any other labor organization, and threaten them with discharge if they are worn again during working hours, in absence of a company rule prohibiting the wearing of athletic shirts or insignia on clothing, or clothing of an unusual nature during working hours or in absence of reason therefor.

WE WILL NOT in any like or related manner interfere with, restrain or coerce employees in the exercise of their right to self-organization to form labor organizations, to join or assist the International Union, United Automobile, Aircraft and Agricultural Implement Workers, AFL–CIO, or any other labor organization, to bargain collectively through representatives of their own choosing and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8(a) (3) of the Act, as modified by the Labor-Management Reporting and Disclosure Act of 1959.

All of our employees are free to become, remain, or refrain from becoming or remaining members of any labor organization, except to the extent this right may be effected by a lawful agreement requiring membership in a labor

organization as a condition of employment.

POWER EQUIPMENT COMPANY
_____
(Employer)

Dated ——— By ———————————
(Representative)    (Title)

This Notice must remain posted for 60 days from the date hereof, and must not be altered, defaced, or covered by any other material.

Employees may communicate directly with the Board's Regional Office, 720 Bulkley Building, 1501 Euclid Avenue, Cleveland 15, Ohio, (Dunbar 1–1420), if they have any question concerning this Notice or compliance with its provisions.