26

NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

OCHOA FERTILIZER CORPORATION
et al., Respondents.

On Second Motion for Reconsideration
of a Decree.

NATIONAL LABOR RELATIONS
BOARD

v.

LAS VEGAS SAND AND GRAVEL
CORPORATION.

On Second Motion for Reconsideration
of a Decree.

NATIONAL LABOR RELATIONS
BOARD

v.

LOCAL 476, UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND PIPEFIT-
TING INDUSTRY OF THE UNITED
STATES AND CANADA, AFL–CIO and
its Business Agent, William O'Brien.

On Petition for Rehearing.

NATIONAL LABOR RELATIONS
BOARD

v.

LEVITT CORPORATION; John V. Sulli-
van and Kensean Corporation.

On Petition for Enforcement Upon Stip-
ulation for Consent Decree.

NATIONAL LABOR RELATIONS
BOARD

v.

ELCI PRODUCTS CORPORATION.

On Petition for Enforcement Upon Stip-
ulation for Consent Decree.

NATIONAL LABOR RELATIONS
BOARD

v.

UNION DE SOLDADORES, MECANI-
COS, MONTADORES DE ACERO,
AUXILIARES Y RAMAS ANEXAS,
LOCAL 1839 ILA–IND and Internation-
al Longshoremen's Association, District
Council of The Ports of Puerto Rico,
Ila-Ind.

On Petition for Summary Enforcement
of an Order of the National Labor
Relations Board.

NATIONAL LABOR RELATIONS
BOARD

v.

INTERNATIONAL MOLDED PLASTICS
OF PUERTO RICO, INC.

On Petition for Summary Enforcement
of an Order of the National Labor
Relations Board.

Nos. 5698, 5691, 5590, 5728, 5729,
5736 and 5740.

United States Court of Appeals
First Circuit.

Oct. 18, 1960.

Asst. Gen. Counsel, Stuart Rothman, Gen. Counsel, Russell Specter, Atty., N. L. R. B., Washington, D. C., for National Labor Relations Board.

Sarah Torres Peralta, San Juan, P. R., for Las Vegas Sand and Gravel Corp.

Raymond E. Jordan, William A. Curran, and Sherwood & Clifford, Providence, R. I., for Local 476, etc.

George L. Weasler, Santurce, P. R., for International Molded Plastics of Puerto Rico, Inc.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

During the past two months we have accumulated for simultaneous disposition a number of motions by the Labor Board which, for one reason or another, are uncontested.[1] We here consider (1) a second motion for reconsideration of a decree entered following stipulations by the parties in N. L. R. B. v. Ochoa Fertilizer Corp., where we granted less relief than the respondents had agreed to; (2) the same in N. L. R. B. v. Las Vegas Sand and Gravel Corp.; (3) petition for rehearing filed in N. L. R. B. v. Local 476, United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Industry, 1 Cir., 1960, 280 F.2d 441; (4) motion for decree following stipulation in N. L. R. B. v. Levitt Corp.; (5) the same in N. L. R. B. v. Elci Products Corp.; (6) petition for summary decree after hearing in N. L. R. B. v. Union de Soldadores; (7) the same in N. L. R. B. v. International Molded Plastics of Puerto Rico, Inc. The questions presented by the several motions are not identical, but they all involve the appropriate breadth of a Board order. In each of these cases the Board seeks an order which would enjoin respondent, or respondents, therein from engaging in some particular proscribed conduct not only with respect to

Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost,

1. In item 7, *infra*, the respondents have sought to file exceptions late. We are not satisfied from a review of the entire record that the Board erred in holding that respondents had presented an inadequate excuse for having failed to act with due expedition.

the immediately involved party but with respect to "any other" party. We will characterize such orders as broad, although in some instances the Board asserts otherwise.[2]

In the Ochoa Fertilizer case it was charged that the respondent employer illegally maintained a closed or preferential shop agreement with the respondent union. The complaint filed by the Board alleged violation of sections 8(a) (1), (2) and (3), and 8(b) (1) (A) and (2) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1–3), (b) (1) (A), (2). No hearing was held, but a stipulation was filed in which both respondents admitted the charges and agreed to the entry of a broad order. The employer was to be enjoined from agreeing with the respondent union, "or any other labor organization," with respect to unlawful discrimination in favor of its members, or person approved by it, with regard to hiring or conditions of employment. Similarly, the union was to be enjoined from making any unlawful preferential arrangements with Ochoa Fertilizer Corp., "or any other employer." Both respondents agreed that the appropriate Court of Appeals could enter decrees pursuant to the stipulation without notice, hearing or objection. After we had excised, *nostra sponte*, from the proposed form of decree all references to "any other labor organization" and "any other employer," the Board moved for reconsideration, and we denied the motion. It has now moved for further reconsideration.

In the Las Vegas case the situation is in all respects similar, except that the charges, based on alleged violations of sections 8(a) (1) and (3) of the act, were of various unlawful activities interfering with respondent's employees' joining Local 925 of the charging union. The Board's order, following a stipulation of the parties, forbade the employer to engage in such activities directed against "the union, or any other labor organization." We excised the phrase "or any other labor organization," and thereafter denied a motion for reconsideration. Again, the Board moves for further reconsideration.

In item (3), N. L. R. B. v. Local 476, United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Industry, 1 Cir., 1960, 280 F.2d 441, a section 8(b) (4) (A) case, the respondent union was found to have induced a strike against Joseph P. Cuddigan, Inc., the secondary employer, in order to assist its dispute with the E. Turgeon Construction Company for whom Cuddigan was doing subcontracting work. The Board's proposed order forbade inducing the employees of Cuddigan "or of any other employer" to strike for the purpose of inducing Cuddigan "or any other employer or person" to cease doing business with Turgeon "or any other company." We struck the quoted phrases.

N. L. R. B. v. Levitt Corp., item (4), is an action against three employers arising out of charges of discrimination by the local chapter of the United Brotherhood of Carpenters and Joiners. As in Local 476 the charges made no reference to any other union. However, a complaint was filed asserting violations of sections 8(a) (1) and (3) by reason of unlawful activities discouraging membership in the union "or any other labor organization." The quoted phrase of the complaint was purely conclusory. Thereafter a stipulation was filed in which each employer consented to a decree enjoining activities directed against "the Carpenters Union or any other labor organization." No facts are adduced in this stipulation which go beyond the specific allegations of the charges, and there is no affirmative indication that any other labor organization may be involved, presently or prospectively.

2. No question is involved here, in spite of frequent references to the matter by the Board, of garasing a decree with sufficient breadth to forestall "easy evasion." McComb v. Jacksonville Paper Co., 1949, 336 U.S. 187, 193, 69 S.Ct. 497, 93 L.Ed. 599; International Brotherhood of Electrical Workers, etc. v. N. L. R. B., 1951, 341 U.S. 694, 705–706, 71 S.Ct. 954, 95 L.Ed. 1299.

(5) N. L. R. B. v. Elci Products Corp. is in all respects similar, in origin and in proposed disposition, to the Levitt case, except that the specific activities charged are even more restricted in extent, if not in character.

■ (6) In N. L. R. B. v. Union de Soldadores, a discharged employee filed charges against the local and its parent union, hereinafter called the District Council, asserting that he had lost employment because of the respondents' maintenance of an illegal preferential hiring agreement in violation of sections 8(b) (1) (A) and (2). The District Council was defaulted, and the local took no exceptions to the findings or recommendations of the trial examiner following the hearing. The examiner proposed that the respondents be enjoined from enforcing any agreement with the particular employer, Abarca, Inc., whereby unlawful preference would be extended to their members. The Board enlarged this to read "Abarca, Inc., or any other employer over which the board will assert jurisdiction." The record does not reveal any special circumstances which could support this amplification.[3]

N. L. R. B. v. International Molded Plastics of Puerto Rico, Inc., item (7), is a complaint alleging violation of sections 8(a) (1) and (3), in all respects similar to Las Vegas. However, in this instance we have a full report of the testimony and findings of the examiner, the case being one in which the Board moves for summary entry of a decree. Here, again, it is plain on the record that only the one union, and no generalized course of conduct, is involved.

In the aggregate this exhibits a marked fondness on the part of the Board for broad decrees. We might add to this list our recent cases of N. L. R. B. v. Bangor Bldg. Trades Council, 1 Cir., 1960, 278 F.2d 287, and N. L. R. B. v. Local 111, United Brotherhood of Carpenters, 1 Cir., 1960, 278 F.2d 823. In no case in which the record before us revealed the evidence available to the Board[4] was there any evidence of similar misconduct directed towards other employers, or other labor organizations. On this substantial showing we must at least suspect that the Board uses the broad form of decree as a matter of course. This suspicion is confirmed by the Board's memoranda presently before us. We do not approve of such a practice.

■ An order, when implemented by us, becomes an injunction. The Supreme Court emphasized this in excising overly broad portions of a Board order in N. L. R. B. v. Express Publishing Co., 1941, 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930; see Note, 1944, 54 Yale L.J. 141—affirma-

---

3. In a memorandum in support of this particular order the Board seeks to distinguish the Ochoa Fertilizer and Las Vegas cases on the ground that "in the instant case * * * the Board's *findings* support the order in the terms in which it was entered. The findings show, for example * * *." (Ital. suppl.) The "examples" given are: (a) a statement that the charging party "testified" that he paid a fee to the District Council while previously working for some other employer; (b) a statement that, at the request of the District Council, he had been discharged by that other employer, which discharge is "the subject of another unfair labor practice proceeding * * *." We have had occasion before to point out that a recitation of testimony is not a "finding." N. L. R. B. v. Local 176, United Brotherhood of Carpenters, 1 Cir., 1960, 276 F.2d 583, 584.

*A fortiori*, a statement that a matter is presently the subject of another proceeding is not a "finding." Cf. N. L. R. B. v. Local 926, International Union of Operating Engineers, 5 Cir., 1959, 267 F.2d 418, 420. If by the use of the words "for example" counsel means to suggest that there are other special findings in the record which support his contention, we can only say that a careful search has failed to discover them. Counsel should not place such a burden upon us.

4. This includes Local 111 because, although that case came up on a petition for summary enforcement, due to the respondent's having failed to file objections or exceptions, we had the findings of the examiner containing a detailed account of the evidence. It does not include the consent cases, with which we shall deal separately.

tive reasons must appear to warrant broad injunctions. Express Publishing Co. has recently been reaffirmed in Communications Workers, etc. v. N. L. R. B., 1960, 362 U.S. 479, 80 S.Ct. 838, 4 L.Ed. 2d 896, a section 8(b) (1) (A) case, where the court held, virtually without discussion, that because there was no evidence of a "generalized scheme" a union's interference with the employees of one particular employer could not justify a decree against activity with relation to the employees "of any other employer." The Board, however, draws a very narrow lesson.[5] In Las Vegas, where there is no suggestion in the record of any other union's being in the picture, a request is made for a decree which would subject the employer to contempt proceedings if it engaged in the prohibited conduct, not only with respect to the charging union, but as to "any other labor organization." The Board argues, "If respondent's employees should evince interest in another union * * * [they should] be protected if they exercise their statutory right to 'form, join, or assist' another union." "It is not unreasonable to infer that [the employer] would repeat his conduct if they tried to organize another." (This last contention was watered down in Ochoa Fertilizer to say it is not "unreasonable to infer that [the union] *may* engage in similar hiring practices with other[s]." (Ital. suppl.)). These are the same unsubstantiated suppositions the court held to be insufficient. Again, in Local 476, where there was no evidence of any pattern or general course of conduct, the Board, without reference to this fact, openly states that its order was addressed broadly, "as is uniformly the case where the Board finds a violation of section 8(b) (4) (A)." See also N. L. R. B. v. International Molded Plastics, likewise tried on the merits.

■■ We cannot avoid the conclusion that the Board finds it proper to take a single offense as establishing the "generalized scheme" (Communication Workers, etc. v. N. L. R. B., supra), "proclivity" (McComb v. Jacksonville Paper Co., supra, 336 U.S. at page 192, 69 S.Ct. at page 500), or "pattern" (N. L. R. B. v. Brewery and Beer Distributor Drivers, 3 Cir., 1960, 281 F.2d 319), necessary to warrant wholesale relief. Its logic, in the face of the clear pronouncements of the Court, escapes us. In those cases in which the record makes it apparent that there was but a single party involved we will not grant it. N. L. R. B. v. United Brotherhood of Carpenters, 7 Cir., 1960, 276 F.2d 694; N. L. R. B. v. Local 926, International Union of Operating Engineers, 5 Cir., 1959, 267 F.2d 418, 420; International Brotherhood of Teamsters, etc. v. N. L. R. B., 1958, 104 U.S.App. D.C. 359, 262 F.2d 456, 462.

We turn to the consent cases, in which no evidence is presented by the record. The Board contends that we have "no right" not to enter the decree that the parties have stipulated to. It cites N. L. R. B. v. Cheney California Lumber Co., 1946, 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739 for the proposition that in the absence of timely objection by the respondent, this court must enforce any order propounded by the Board. In our opinion that case stands for no such proposition. The court there was careful to point out that findings of record disclosed a "course of conduct against which such an order may be the only proper remedy." Id., 327 U.S. at page 389, 66 S.Ct. at page 555. It was equally careful to point out that the situation would be different if the Board had "patently traveled outside the orbit of its authority." Id., 327 U.S. at page 388, 66 S.Ct. at page 554. We readily concur that we

---

5. In Soldadores and International Molded Plastics it draws none at all. See *infra*. In connection with Ochoa Fertilizer it asserts that the Communication Workers case is not applicable since particular coercive conduct is distinguishable from an unlawful hiring arrangement, and that there is "more reason" to expect that the latter will be repeated. This "reason" is not clear to us, and in view of what we find to be the Board's general practice it seems in the nature of an afterthought.

have no right to deny enforcement of an order warranted by the record. This concession does not advance the matter, however, for we equally have no right to enter one which is not warranted. The question is, what does the record warrant.

An injunction broader than the need is not only contrary to all established equitable principles, but it is peculiarly inappropriate in the sensitive area of labor relations where abuses formerly rampant under broadly and vaguely worded decrees are legendary. See, e. g., Frankfurter and Greene, The Labor Injunction, Ch. III (1930). The Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–115, put an end to these abuses in the federal courts, and the broad principle for which it stands has not been compromised by subsequent labor legislation. Nor should it be by any "expertise" of the Board. We have seen that the Board's conclusion that "it is reasonable to infer" that a single offender will be an habitual one falls far short of the necessary showing. Nor does the willingness of a party, apprehended in an admitted offense, to bargain away by stipulation his future right to be free of injunctions covering situations not yet *in esse* seem to us an adequate substitute.[6]

█ The Board observes in the consent cases that "it cannot be assumed that the evidence could not have supported the order." In the light of its already demonstrated approach, however, we think that such an assumption would not be unreasonable. Since the Board cries

"Wolf" in every case, the cry has lost any significance. Our normal disposition is to assume, in the absence of a contrary showing, that a case is an ordinary one, rather than a special case calling for extraordinary relief. We do not think that consent makes the difference. We do not mean by this that, where no rights have been saved, a record will be scrutinized for every defect. We are not interested in errors on the merits, or in the propriety of specific relief, of which the parties have failed to complain.[7] But we regard a broad general decree as going to the root of the policies of the Act and rising above the failure of a respondent to save its rights.[8]

Nor are we aware of any urgency calling for broad orders. The Board complains that our decision means "that no 'broad' order can ever be entered by consent stipulation * * * [and the parties] will be compelled to go to hearing in order to present this Court with a record on which a 'broad' order could be sustained." This, of course, is absurd.[9] All the Board has to do is to obtain from the respondent a stipulation disclosing facts which warrant broad relief. We will not go behind evidence which the parties state to be so. On the other hand, if the respondents are unwilling so to stipulate, there is no reason for the Board to complain that it cannot have such an injunction without a hearing. We can think of no irremediable disaster that will occur. If a new violation takes place, but with respect to a stranger to the present litigation, a preliminary in-

---

6. The circumstances under which such consent is obtained are readily imaginable. General Counsel presents a broad decree. The respondent demurs. Counsel says this is our standard procedure. If respondent again demurs, counsel asks, "What is the objection? Do you intend future violations?" In this dilemma respondent, apparently, must either give in or litigate a pure matter of principle.

7. For example, we do not consider whether the full reimbursement order in N. L. R. B. v. Union de Soldadores was warranted. Cf. N. L. R. B. v. Local 176,

United Brotherhood of Carpenters, 1 Cir., 1960, 276 F.2d 583, 586.

8. We do not follow the Second Circuit in N. L. R. B. v. Combined Century Theatres, Inc., 2 Cir., 1960, 278 F.2d 306 (per curiam), where the court may not have had our advantage of seeing the Board's practice outlined by a background of similar requests.

9. It does seem apparent, however, that a respondent cannot settle his case under the present policy of the Board without submitting to a broad decree. See n. 5, *supra*.

junction can be sought from the district court. There is no reason to think that such a procedure would take longer than a contempt action before an appellate court which is not in daily session.[10] In fact, all that the Board really loses by our decision, is the *in terrorem* effect of a ready avenue to contempt proceedings, a result we hardly believe incompatible with the policy of the Act.[11]

■ There remain certain miscellaneous provisions in those proposed decrees with which we are presented for the first time (items 4–7). In Soldadores the Board's order includes the following paragraph.

"In any other manner interfering with, restraining or coercing employees in the exercise of their rights guaranteed in Section 7 of the Act, except to the extent that such rights may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized by Section 8(a) (3) of the Act."

The same language, but in shorter form, is found in International Molded Plastics. In this the Board seeks not simply to distinguish N. L. R. B. v. Express Publishing Co., supra, but flatly asks us to overrule it. We have neither the power nor the desire to do so. In Levitt and Elci similar paragraphs commence, "In any other like or related manner interfering with * * *" These we accept, bearing in mind that if occasion arises, we will construe them consistently with the views expressed in this opinion. Such provisions, in other words, have a proper place to prevent "easy evasion."

Orders and decrees will be entered in conformity with this opinion.