NATIONAL LABOR RELATIONS BOARD *v.*
OCHOA FERTILIZER CORP. ET AL.

No. 37. Argued November 16, 1961.—Decided December 18, 1961.

*Solicitor General Cox* argued the cause for petitioner.
With him on the brief were *Stuart Rothman, Dominick L.
Manoli* and *Norton J. Come.*

No appearance for respondents.

MR. JUSTICE BRENNAN delivered the opinion of the
Court.

The respondents, an employer and two labor organiza-
tions, waived the procedures for adjudgment of the allega-
tions of an unfair labor practice complaint issued against
them under the National Labor Relations Act, and agreed
upon the form of a cease-and-desist order to be entered
by the National Labor Relations Board against them.[1]

---

[1] The complaint issued on amended charges filed by an individual
denied employment. It issued in the name of the Regional Director
for the 24th Region, Puerto Rico, acting on behalf of the Gen-
eral Counsel. The settlement agreement was reached following the
issuance of the complaint. The respondents stipulated that they
expressly waived "a hearing, an Intermediate Report of a Trial

The complaint alleged that the employer violated § 8 (a)(1), (2) and (3), and the labor organizations § 8 (b)(1)(A) and (2), of the Act, as amended, by executing and maintaining a collective bargaining agreement which conditioned employment upon union membership, vested the respondent unions with exclusive control over hiring, and provided for the checkoff of union dues and fees. The prohibitions of the consent order were not limited to the relationship between the employer and the two labor organizations. The respondent employer was directed to refrain from performing, maintaining or giving effect to such an agreement with the respondent unions, "or any other labor organization," and from otherwise unlawfully encouraging membership in the respondent unions, "or any other labor organization," by discrimination as to hire, tenure, or terms or conditions of employment; and the respondent unions were directed to refrain from performing, maintaining, or giving effect to such an agreement with the respondent employer, "or any other employer, over which the Board will assert jurisdiction," and from otherwise causing or attempting to cause the respondent employer, "or any other employer over which the Board will assert jurisdiction" to discharge, refuse to hire, or otherwise discriminate against any employee in violation of § 8 (a)(3) of the Act.[2]

The respondents also agreed that "any United States Court of Appeals for any appropriate circuit may on application by the Board, enter a decree enforcing the Order of the Board . . . ," and that "Respondents waive all defenses to the entry of the decree . . . ." R. 29.

---

Examiner, the filing of exceptions to such Intermediate Report, oral arguments before the Board, and all further and other proceedings to which [they] . . . may be entitled . . . under the Act or the Rules and Regulations of the Board." R. 23. See 49 Stat. 453, as amended, 29 U. S. C. § 160 (b), (c); 29 CFR, 1961 Cum. Supp., §§ 101.9, 102.46.

[2] The consent order also provided for the posting in English and in Spanish of agreed-upon forms of compliance notices.

The Board petitioned the Court of Appeals for the First Circuit for enforcement of the order pursuant to § 10 (e) of the Act.[3] The enforcement petition submitted the order in the form agreed upon and recited the terms of the settlement stipulation.

---

[3] Section 10 (e), 49 Stat. 454, as amended, 29 U. S. C. § 160 (e), is as follows:

"(e) Petition to court for enforcement of order; proceedings; review of judgment.

"The Board shall have power to petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings, as provided in section 2112 of Title 28. Upon the filing of such petition, the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board. No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency, the court may order such additional evidence to be taken before the Board, its member, agent, or agency, and to be made a part of the record. The Board may modify its findings as to the facts, or make new findings by reason of additional evidence so taken and filed, and it shall file such modified or new findings, which findings with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive, and shall file its recommenda-

The Court of Appeals, *sua sponte*,[4] and initially without filing an opinion giving reasons supporting its action, entered a decree which excised the phrases "or any other labor organization" and "or any other employer over which the Board will assert jurisdiction" wherever they appeared in the consent order and the compliance notices, and enforced the order as so modified.   Subsequently, on the Board's second motion for reconsideration, the Court reconsidered its action in light of the opinion of the Court of Appeals for the Second Circuit in *Labor Board* v. *Combined Century Theatres, Inc.,* 46 LRR Man. 2858.   That case held that in the face of a like stipulation "and in the absence of any exception to the order taken before the Board or the showing of any extraordinary circumstances, the Court will not consider respondents' objections."   The motion for rehearing was denied in an opinion covering the present case and six others in which the Court of Appeals had similarly modified orders entered by the Board.   283 F. 2d 26.[5]   Because we believed the case presented an important question of authority of the Court of Appeals in the premises we granted certiorari. 365 U. S. 833.

---

tions, if any, for the modification or setting aside of its original order. Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by the appropriate United States court of appeals if application was made to the district court as hereinabove provided, and by the Supreme Court of the United States upon writ of certiorari or certification as provided in section 1254 of Title 28."

[4] The respondents honored their agreement not to contest the enforcement of the consent order both in the Court of Appeals and in this Court.   Only the Board appeared by the Solicitor General in this Court to brief and argue the cause.

[5] Two of the cases are presently pending in this Court on petition for writ of certiorari. *Labor Board* v. *Las Vegas Sand & Gravel Corp.,* certiorari granted later and judgment reversed, *post,* p. 400; *Labor Board* v. *Local 476, Plumbers,* certiorari granted later and judgment reversed, *post,* p. 401.

The authority of the Court of Appeals to modify Board orders when the Board petitions for their enforcement derives from the provision of § 10 (e) authorizing the court "to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board." However, the immediately following sentence of § 10 (e) provides that "No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." At least when the Board has not "patently traveled outside the orbit of its authority," *Labor Board* v. *Cheney California Lumber Co.,* 327 U. S. 385, 388,[6] our cases have uniformly held that in the absence of a showing within the statutory exception of "extraordinary circumstances" the failure or neglect of the respondent to urge an objection in the Board's proceedings forecloses judicial consideration of the objection in enforcement proceedings. *Marshall Field & Co.* v. *Labor Board,* 318 U. S. 253; *May Department Stores Co.* v. *Labor Board,* 326 U. S. 376, 386, n. 5; *Labor Board* v. *Cheney California Lumber Co., supra; Labor Board* v. *Seven-Up Bottling Co.,* 344 U. S. 344, 350; *Labor Board* v. *District 50,* 355 U. S. 453, 463–464. These cases involved contested proceedings before the Board, as did *Labor Board* v. *Express Publishing Co.,* 312 U. S. 426, and *Communications Workers* v. *Labor Board,* 362 U. S. 479, upon which the Court of Appeals relied. The limitation of § 10 (e) applies *a fortiori* to the consideration of an objection to enforcement made by a respondent who has consented to the terms of the order. See *Labor Board* v. *Combined Century Theatres, Inc., supra.*

---

[6] The order here consented to would be within the Board's authority under appropriate circumstances. See, *e. g., Labor Board* v. *Springfield Building & Construction Trades Council,* 262 F. 2d 494, 498–499.

We understand the opinion of the Court of Appeals to hold that the limitation of § 10 (e) is inapplicable when the record contains no findings or facts supporting the order—that "affirmative reasons must appear to warrant broad injunctions." 283 F. 2d, at 29–30. The Court noted that there were no such findings or facts in this record—not even a "stipulation disclosing facts which warrant broad relief." *Id.,* at 31. The court reasoned that the limitation of § 10 (e) was therefore no barrier to its *sua sponte* revision of the order and stated that "We do not think that consent makes the difference." *Id.,* at 31. Contrary to the Court of Appeals, we think that consent makes a significant difference; it relieves the Board of the very necessity of making a supporting record. A decree rendered by consent "is always affirmed, without considering the merits of the cause." *Nashville, Chattanooga & St. Louis R. Co.* v. *United States,* 113 U. S. 261, 266. There are not here applicable any of the exceptions, such as a claim of lack of actual consent, or of fraud in the procurement of the order, or of lack of federal jurisdiction. See *Swift & Co.* v. *United States,* 276 U. S. 311, 324.

The judgment of the Court of Appeals is reversed and the case is remanded with directions that a judgment be entered which affirms and enforces the Board's order.

*It is so ordered.*

MR. JUSTICE DOUGLAS dissents.