**ALABAMA ROOFING & METAL CO., Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 20662.

United States Court of Appeals
Fifth Circuit.

May 11, 1964.

John R. Matthews, Jr., Ball & Ball, Montgomery, Ala., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Dominick L. Manoli, Associate Gen. Counsel, N. L. R. B., Gladys Kessler, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Allison W. Brown, Jr., James McC.

Harkless, Attys., N. L. R. B., for respondent.

Before MAGRUDER,* JONES and GEWIN, Circuit Judges.

MAGRUDER, Circuit Judge:

The case is before us on the petition of the Company to review and set aside an order of the National Labor Relations Board. 142 NLRB No. 100 (1963). In its answer, the Board requests us to enforce the order. The unfair labor practices were alleged to have occurred in Mobile, Alabama—hence the Court of Appeals for the Fifth Circuit has jurisdiction of the proceedings under § 10(e) and (f) of the National Labor Relations Act, as amended. 61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 160(e) and (f).

The Board concluded that the Company at least had violated § 8(a) (1) by discharging three employees, Aubrey Perkins, Shirley Richardson, and Silas Jones, because they had engaged in protected concerted activities, for which the remedy would be the same as if there had been a § 8(a) (3) violation also, which was the finding of the Trial Examiner adopted by the Board. As a relief the Board ordered the employees to be reimbursed for any loss they may have suffered as a result of the discrimination against them, but since the job at the Brookley Air Force Base had been completed at the time of the order, the matter of reinstatement of the discharged employees was not involved. As to the remedy, the Board affirmed the recommendation by the Trial Examiner, adding a clause to the proposed order stating that a copy of the "notice to all employees" attached thereto should be sent to the three men and that they be informed of their eligibility for employment by the Company on future jobs.

The only question we have to consider is whether there was "substantial evidence on the record considered as a whole" to sustain the action of the Board. This was the language in the Taft-Hart-

ley Act amending § 10(e) of the National Labor Relations Act. That brings us to the leading case of Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). This seven-to-two decision left no doubt that, even where there was a question of credibility of the witnesses whom the examiner had seen and heard, the court of appeals should set aside an order of the Board based upon the Trial Examiner's intermediate report as founded upon insufficient evidence if it was convinced that there was error in the finding. The Supreme Court pointed out the dissatisfaction in various quarters with the rule which many courts of appeals had adopted, to the effect that "substantial evidence" simply meant that if some witness whose testimony, when viewed in isolation, substantiated the Board's findings, a court on review of the findings of the Board must affirm them. See Universal Camera Corp. v. N. L. R. B., supra, 340 U.S. at 478, 71 S.Ct. at 459, 95 L.Ed. at 462.

The Supreme Court gave the legislative history of the Taft-Hartley Act which showed it to be the view of Congress that the court must determine in the final analysis and in the exercise of its independent judgment whether on the record considered as a whole the evidence in the given instance is sufficiently substantial to support a finding by the agency. In other words, the Congress has told the courts that they must keep the Board within reasonable grounds in any finding that it has made. The writer of the Universal Camera opinion elucidates this rule in his dissent in N. L. R. B. v. Walton Mfg. Co., 369 U.S. 404, 409, 82 S.Ct. 853, 856, 7 L.Ed.2d 829, 833 (1962). And see Dobbs Houses, Inc. v. N. L. R. B., 325 F.2d 531 (C.A. 5th, 1963); N. L. R. B. v. Commerce Co., 328 F.2d 600 (C.A. 5th, 1964).

■ The Company asserted that the discharge of Perkins was only because he was a poor workman and not for the

---

* Senior Circuit Judge of the First Circuit, sitting by designation pursuant to Section 294(d), Title 28, U.S.Code.

reason assigned by the Board. The Company relied particularly upon its record of non-hostility to the Union, as indicated indeed in the case at bar, and the fact that Burnette, the foreman who fired Perkins, was a member of the Union himself who had been employed at the recommendation of the business manager of the Union. But these facts, although evidentiary of the good faith of the Company, do not as a matter of law preclude a finding that the discharge of Perkins was motivated by hostility to the Union in violation of § 8(a)(3) of the Act. However, there was testimony which the Examiner specifically accepted, and the Board adopted his finding, to the effect, according to the witness Burnette, that the real reason Perkins was fired was that he had "too much mouth," which remark was interpreted by the witness as meaning only that whenever someone was let go Perkins always had something to say about it. Perkins had only been on the job four days when he was fired, according to the Company, for being unwilling to work. This may well have been true, for there was a big turnover of men initially before a force able to work competently to the satisfaction of the Company was assembled.

In sum, it is our view that there was not substantial evidence on the record considered as a whole to sustain the finding that the Company was guilty of a § 8(a)(3) violation of the Act in discharging Perkins. We are impressed first by the fact of the union status of the man who discharged him, and the further fact that there is no evidence that Burnette knew of the attitude of his superior with regard to shop stewards at the time of the discharge.

With regard to the firing of Jones and Richardson, this was done by Preskitt, the superintendent. These men were appointed to act as shop stewards, Jones, a colored man, being charged with the duty of transmitting to Richardson the complaints of the colored workmen. Richardson was to relay these complaints to one of the foremen. There was evidence that Preskitt, though in general favorable to the Union, did not believe in shop stewards. Preskitt testified that he fired Richardson and Jones because of general inefficiency, and Richardson mainly because he had mismanaged a certain plow which had been entrusted to him. Preskitt said that the foreman repeatedly complained about Richardson's work, which assertion both foremen denied. Preskitt, upon learning that Richardson and Jones were both stewards, declared that he would not have a shop steward, that he would run his own business and hire and fire whom he pleased. Preskitt stated at the time of the discharge of Richardson and Jones that he was only laying them off and they would be returned to work, but they were not recalled.

■ Our conclusion upon the entire case is that there was not substantial evidence on the record considered as a whole to sustain the finding that Perkins was discharged in violation of § 8(a)(3) of the Act, but that there was substantial evidence on the record considered as a whole to sustain the action of the Board in finding that Richardson and Jones were fired in violation of the same section.

■ The Company also charges that there was error by the Board in not rejecting the Trial Examiner's report because it was obviously infected with bias or prejudice. We agree that petitioner, as a matter of due process, was entitled to a hearing before an impartial trial examiner. But it is enough to say in this connection that no such exception was taken in petitioner's exceptions to the Trial Examiner's report filed with the Board. This charge is raised for the first time in these proceedings, which was too late. See N. L. R. B. v. Ochoa Fertilizer Corp., 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961). This point was not pressed upon appeal to this court.

A decree will be entered enforcing the order of the National Labor Relations Board in respect of the employees Shirley Richardson and Silas Jones only.