**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**JANTZEN, INC., Respondent.**
No. 20021.

United States Court of Appeals
Ninth Circuit.
Oct. 12, 1967.

James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Joseph J. Gercke, Atty., Richard C. Foster, Atty., Thomas F. Howder, Atty. (argued), FTC, Washington, D. C., Edward G. Gruis, Gerald T. Gregory, Raymond Lloyd, Attys., FTC, San Francisco, Cal., for petitioner.

Franklin H. Mize, Portland, Or., Joel E. Hoffman, Edwin S. Rockefeller (argued) Wald, Harkrader & Rockefeller, Washington, D. C., for respondent.

Before POPE, JERTBERG and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

This case is before us for the second time, following reversal by the Supreme Court (FTC v. Jantzen, Inc., 1967, 386 U.S. 228, 87 S.Ct. 998, 18 L.Ed.2d 11) of our decision that we lacked jurisdiction (FTC v. Jantzen, Inc., 1966, 356 F.2d 253). The case was remanded to us for further proceedings in conformity with the Supreme Court's opinion.

Jantzen opposes enforcement of the Commission's order on two grounds. The first is that the Commission failed to make findings as to the facts, as required by section 11 of the Clayton Act (38 Stat. 734, 15 U.S.C. § 21). The second is that, in the exercise of the broad powers of review given us by the Clayton Act, we should deny enforcement because the violations found are "remote and picayune," Jantzen is now in compliance, and the Commission failed to follow its own rules and permit informal disposition of the matter.

 We reject the first ground. The order is a consent order, issued upon Jantzen's express waiver of:

"a. Any further procedural steps before the hearing examiner and the Commission;

b. The making of findings of fact or conclusions of law; and

c. All of the rights it may have to challenge or contest the validity of the order to cease and desist entered in accordance with this agreement."

Moreover, Jantzen agreed:

"The following order to cease and desist may be entered in this proceeding by the Commission without further notice to respondent. When so entered it shall have the same force and effect as if entered after a full hearing. * * "

We find nothing in the Act which forbids the making of a consent order, or the waiver by a respondent of the making of findings of fact. Courts, too, are required to hear evidence and make findings of fact, but this has never been held to prohibit waiver of findings and the entry of consent decrees. Swift & Co. v. United States, 1928, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587, is the leading case. The Administrative Procedure Act, § 5(b) (5 U.S.C. § 1004(b) (1964)) provides:

"(b) The agency shall afford all interested parties opportunity for (1) the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment where time, the nature of the proceeding, and the public interest permit * * *."

The Commission's rules provide for this procedure. (See 19 Fed.Reg. 265 (1954), 16 C.F.R. §§ 2.1–2.4 (1967)). Having taken advantage of this procedure, and consented to the order, Jantzen is bound by it. See National Candy Co. v. FTC, 7 Cir., 1939, 104 F.2d 999, 1006; United States v. Vitasafe Corp., S.D.N.Y., 1962, 212 F.Supp. 397, 398; 234 F.Supp. 710, 711, aff'd, 2 Cir., 1965, 352 F.2d 62; NLRB v. Ochoa Fertilizer Corp., 1961, 368 U.S. 318, 323, 82 S.Ct. 344, 7 L.Ed.2d 312; NLRB v. J. L. Hudson Co., 6 Cir., 1943, 135 F.2d 380, 384; NLRB v. Gerling Furniture Mfg. Co., 7 Cir., 1939, 103 F.2d 663; 1 Davis, Administrative Law, 239 (1958).

 We likewise reject the second contention. The violations stipulated to by Jantzen are violations of the order, and the stipulation states that there were other, similar violations. Mere cessation of violative activities is not usually a ground for denying enforcement. FTC v. Wallace, 8 Cir., 1935, 75 F.2d 733, 738; Fairyfoot Products Co. v. FTC, 7 Cir., 1935, 80 F.2d 684, 686; Goodman v. FTC, 9 Cir., 1957, 244 F.2d 584, 593. See also NLRB v. Mexia Textile Mills, 1950, 339 U.S. 563, 567–568, 70 S.Ct. 833, 94 L.Ed. 1067. Nor is the Commission's refusal to afford Jantzen an opportunity to dispose of the matter informally (see 16 C.F.R. § 1.21 (1967)) a defense. Whether to permit such an approach lies within the Commission's discretion. See Coro, Inc. v. FTC, 1 Cir., 1964, 338 F.2d 149, 152, cert. denied, 1965, 380 U.S. 954, 85 S.Ct. 1088, 13 L.Ed.2d 971.

The application of the Commission for affirmance and enforcement of its order is granted.