**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HARRAH'S CLUB, Respondent.**

**No. 21689.**

United States Court of Appeals
Ninth Circuit.

March 13, 1969.

---

Solomon I. Hirsh (argued), Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Robert M. Lieber, Atty., Washington, D. C., Roy O. Hoffman, Director, NLRB, San Francisco, Cal., for petitioner.

Nathan R. Berke (argued) of Severson, Werson, Berke & Bull, San Francisco, Cal., for respondent.

Before: MERRILL and DUNIWAY, Circuit Judges, and CRARY*, District Judge.

PER CURIAM:

The Board has submitted a judgment for our approval, pursuant to our decision in this case (NLRB v. Harrah's Club, 9 Cir., 1968, 403 F.2d 865). Respondent objects on two grounds, first, that the judgment is premature, and second, that portions of the proffered judgment are overly broad. See Rule 19, Fed.R.App.Proc.

The argument that the judgment is premature rests upon the fact that we did not specifically direct the enforcement of any part of the Board's order, but rather stated:

"The case is remanded for hearing of respondent's objections filed in the representation election proceedings. However, the other issues have also been decided to avoid the necessity of another appeal to this court involving these issues should the objections of respondent to the election be ultimately overruled and dismissed by the Board." (403 F.2. at 875.)

 One issue in no way depends upon the result of the further hearing, the finding that two employees had been discriminatorily discharged in violation of section 8(a) (1) and (3). A second issue does depend, in part, on the result of the hearing, the finding that discontinuance of "toking" was both discriminatorily motivated (violating section 8(a) (3)) and a failure to bargain collectively about a mandatory subject (violating section 8(a) (5)). The failure to bargain charge rests upon the validity of the election. The Board's proffered judgment would reach the violations stemming from the discharges and would also require respondent both to make the employees whole for lost tokes and to reinstate the toking system. We see problems in the Board's proposal that we enter a judgment which directs reinstatement of toking before the representation issues are resolved. If the Board decides that respondent's objections to the election are valid, respondent could bar the toking practice as a matter of sincere and genuine business judgment unrelated to union activity. But in that event our immediate entry of judgment directing reinstatement would have an unknown effect on respondent's future, legitimate exercise of its busi-

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

ness judgment. We will not now enter that part of the Board's proffered judgment. See NLRB v. Kelly & Picerne, Inc., 1 Cir., 1962, 298 F.2d 895, 899.

■ Accordingly, only the portion of the order relating to discriminatory discharges and to an award for lost "tokes" is unaffected by our decision to remand. Here another consideration enters. Because this portion of the order is so small, "in the interest of clarity we will deny the petition for enforcement *in toto,* and leave it to the Board, if so advised, to enter an order [on remand] consistent with our opinion[s]." NLRB v. News Syndicate Co., 2 Cir., 1960, 279 F.2d 323, 334, aff'd, 1961, 365 U.S. 695, 81 S.Ct. 849, 6 L.Ed.2d 29. We think that one complete order will be better than successive partial orders.

We do not reach respondent's second objection. We do note, however, that if the case were not remanded, NLRB v. Ochoa Fertilizer Corp., 1961, 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312, may have barred a number of respondent's claims. See also NLRB v. Seine and Line Fishermen's Union of San Pedro, 9 Cir., 1967, 374 F.2d 974, 980; Cascade Employers' Association v. NLRB, 9 Cir., 1968, 404 F.2d 490.

The case is remanded to the Board for proceedings in accordance with this opinion and our prior opinion.