**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MBV TECHNOLOGIES, INC., Respondent.**

No. 00–2372.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

## JUDGMENT

Local 58, International Brotherhood of Electrical Workers, AFL–CIO (the "Union") filed charges with the National Labor Relations Board (the "Board") alleging the respondent had violated federal labor law by failing to provide the Union with certain requested information, refusing to pay contractual wage rates and vacation pay rates, threatening to close its business before paying backpay, and bypassing the Union to deal directly with unit employees. The respondent did not file an answer to the charges and the Board granted the General Counsel's motion for default judgment and entered a decision and order, dated June 30, 2000, in Case No. 7–CA–42203, finding the charged violations and ordering the respondent to take certain remedial actions. The Board now applies to this court for summary enforcement of that decision and order. The respondent concedes it did not file an answer to the charges and that it cannot now object to the Board's decision and order. It does, however, assert that it has complied with the that decision and order and that enforcement by this court is unnecessary.

In the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no such objections are filed with the Board. See NLRB v. Ochoa Fertilizer Corp., 368 U.S. 318, 322, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961); NLRB v. Tri–State Warehouse & Distributing, Inc., 677 F.2d 31, 31–32 (6th Cir.1982) (order); NLRB v. Innkeepers of Ohio, Inc., 596 F.2d 177, 178 (6th Cir.1979) (order). Moreover, the fact a respondent has complied with a Board decision and order does not foreclose enforcement by this court upon the Board's application. See NLRB v. Mexia Textile Mills, Inc., 339 U.S. 563, 567, 70 S.Ct. 833, 94 L.Ed. 1067 (1950); NLRB v. Edgar Spring, Inc. ., 800 F.2d 595, 598 (6th Cir.1986) (per curiam); NLRB v. Louisville Chair Co., 385 F.2d 922, 926 (6th Cir.1967), cert. denied, 390 U.S. 1013, 88 S.Ct. 1264, 20 L.Ed.2d 163 (1968); NLRB v. Heck's, Inc., 369 F.2d 370, 371 (6th Cir.1966) (per curiam); NLRB v. Globe–Wernicke Systems Co., 336 F.2d 589, 590 (6th Cir.1964) (summary enforcement). We therefore conclude the Board is entitled to the relief sought.

It therefore is ORDERED and ADJUDGED that the Board's application is granted and that the decision and order of June 30, 2000, in Case No. 7–CA–42203, is hereby ENFORCED. The respondent, MBV Technologies, Inc., Lathrup Village, Michigan, its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Failing and refusing to provide Local 58, International Brotherhood of Electrical Workers, AFL–CIO, with information, relevant and necessary for the Union's performance of its duties as the exclusive collective bargaining agent of the unit, requested by the Union.

(b) Refusing to pay contractual wage rates and vacation pay rates to unit employees.

(c) Threatening its employees that it would close the business before it would pay backpay to unit employees and implying that it would be futile to engage in activities on behalf of the Union.

(d) Bypassing the Union and dealing directly with unit employees by offering wage increases in return for employees

persuading the Union to cease efforts on behalf of the unit.

(e) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").

2. Take the following affirmative action necessary to effectuate the policies of the Act:

(a) On request, bargain in good faith with the Union with respect to rates of pay, wages, hours of employment and other terms and conditions of employment of the employees in the following appropriate unit:

All full-time and regular part-time installers and technicians employed by the Employer at its facility located at 28050 Southfield Road, Suite 1, Lathrup Village, Michigan; but excluding office clerical employees, guards, and supervisors as defined in the Act.

(b) Provide the Union with the information regarding unit employees and the amount of wages paid to and owed unit employees requested by the Union in April, May, and June 1999.

(c) Make whole unit employees for all losses incurred by respondent's failure to pay unit employees contractual wages for work performed and vacation pay rates, with interest, as set forth in the remedy section of the Board's decision and order.

(d) Preserve and, within 14 days of a request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.

(e) Within 14 days after service by the Region, post at its facility in Lathrup Village, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered. defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the respondent has gone out of business or closed its facility involved in these proceedings, the respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the respondent at any time since January 9, 1999.

(f) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the respondent has taken to comply with this judgment.

## APPENDIX

### NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

WE WILL NOT fail and refuse to provide Local 58, International Brotherhood of Electrical Workers, AFL–CIO with information, relevant and necessary for the Union's performance of its duties as the exclusive collective-bargaining representative of the unit, requested by the Union.

WE WILL NOT refuse to pay wage and vacation rates as enumerated in the collective-bargaining agreement in effect from March 1, 1998 through February 29, 2000.

WE WILL NOT threaten to close the business before paying backpay to unit employees and implying that it would be futile to engage in activities on behalf of the Union.

WE WILL NOT bypass the Union and deal directly with unit employees by offering wage increases in return for employees persuading the Union to cease efforts on behalf of the unit.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL, on request, bargain with the Union in good faith, with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment of the employees in the following unit:

All full-time and regular part-time installers and technicians employed at our facility located at 28050 South-field Road, Suite 1, Lathrup Village, Michigan; but excluding office clerical employees, guards and supervisors as defined in the Act.

WE WILL provide the Union with the information regarding unit employees and the amount of wages paid to and owed unit employees requested by the Union in April, May, and July 1999.

WE WILL make whole unit employees for all losses incurred by our failure to pay unit employees contractual wages for work performed and vacation pay rates, with interest.

MBV TECHNOLOGIES, INC.