**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**JUDD CONTRACTING, INC., Respondent.**

No. 01–2084.

United States Court of Appeals, Sixth Circuit.

Oct. 4, 2001.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

### *JUDGMENT*

The National Labor Relations Board (the "Board") applies for summary en-

forcement of its May 23, 2001, decision and order in Case No. 7–CA–43054 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision.

■■■ In the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board from the ALJ's decision. *See NLRB v. Ochoa Fertilizer Corp.*, 368 U.S. 318, 322, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961); *NLRB v. Tri–State Warehouse & Distributing, Inc.*, 677 F.2d 31, 31–32 (6th Cir.1982) (order); *NLRB v. Innkeepers of Ohio, Inc.*, 596 F.2d 177, 178 (6th Cir.1979) (order). The respondent has filed a response, asserting that it has already complied with most of the Board's directives and intends to comply with the remaining directive (the payment of back wages) after a hearing is held to determine the amount of back wages to be paid. It therefore argues that summary enforcement by this court is unnecessary. Longstanding caselaw holds, however, that even full compliance with a Board decision and order by a respondent does not foreclose enforcement by this court upon the Board's application. *See NLRB v. Mexia Textile Mills, Inc.*, 339 U.S. 563, 567, 70 S.Ct. 833, 94 L.Ed. 1067 (1950); *NLRB v. Edgar Spring, Inc.*, 800 F.2d 595, 598 (6th Cir.1986) (per curiam); *NLRB v. Louisville Chair Co.*, 385 F.2d 922, 926 (6th Cir.1967), *cert. denied*, 390 U.S. 1013, 88 S.Ct. 1264, 20 L.Ed.2d 163 (1968); *NLRB v. Hecks, Inc.*, 369 F.2d 370, 371 (6th Cir.1966) (per curiam); *NLRB v. Globe–Warnicke Systems Co.*, 336 F.2d 589, 590 (6th Cir.1964) (summary enforcement). Although the respondent's compliance may be commended, we conclude the Board is entitled to the relief sought.

It therefore is ORDERED that the Board's decision and order in Case No. 7–CA–43054 is hereby enforced. The respondent, Judd Contracting, Inc., Detroit, Michigan, its officers, agents, successors and assigns, shall:

1. Cease and desist from:

(a) Laying off (discharging) or otherwise discriminating against any employees for engaging in activities supportive of the union, seeking both membership in the union and the benefits of membership in the union, and engaging in concerted activities, and discouraging employees from engaging in these activities.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").

2. Take the following affirmative action necessary to effectuate the policies of the Act:

(a) Offer Lee W. Straughter full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent job, without prejudice to his seniority or other rights and privileges previously enjoyed, and make him whole for any loss of earnings and other benefits, computed on a quarterly basis from date of discharge to date of proper offer of reinstatement, less any interim earnings, plus interest.

(b) Within 14 days from the date of the Board's order, remove from its files any reference to the discharge of Lee W. Straughter, and within 3 days thereafter, notify him in writing that this has been done and that the discharge will not be used against him in any way.

(c) Preserve and, within 14 days of a request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to

analyze the amount of backpay which may be due under the terms of or other compliance with this judgment.

(d) Within 14 days after service by the Region, post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the respondent has gone out of business or closed its facility involved in these proceedings, the respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the respondent at any time since April 27, 2000.

(e) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the respondent has taken to comply with this judgment.

### APPENDIX

NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

Section 7 of the Act gives employees these rights

To organize

To form, join, or assist any union

To bargain collectively through representatives of their own choice

To act together for other mutual aid or protection

To choose not to engage in any of these protected concerted activities.

WE WILL NOT lay off (discharge) or otherwise discriminate against employees because of their support of and sympathies for Iron Workers Local 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL–CIO, or any other labor organization.

WE WILL NOT lay off (discharge) or otherwise discriminate against employees because they desire and seek membership or the benefits of membership in Iron Workers Local 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL–CIO, or any other labor organization.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of rights guaranteed them by Section 7 of the Act.

WE WILL, within 14 days from the date of this Order, offer Lee W. Straughter full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent job, without prejudice to his seniority or other rights and privileges previously enjoyed, and make him whole for any loss of earnings and other benefits resulting from his discharge because of his support of Iron Workers Local 25, Inter-

national Association of Bridge, Structural and Ornamental Iron Workers, AFL–CIO, less any net interim earnings, plus interest.

WE WILL, within 14 days from the date of this Order, remove from our files, any reference to the unlawful discharge of Lee W. Straughter, and within 3 days thereafter notify them in writing that this has been done and that the discharge will not be used against him in any way.

*JUDD CONTRACTING, INC.*

(Employer)

Dated ———— By ————————————

(Representative)      (Title)

This is an official notice and must not be defaced by anyone.

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226–2569, Telephone 313–226–3244.