**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COMMERCE COMPANY d/b/a Lamar Hotel, Respondent.**

No. 20477.

United States Court of Appeals Fifth Circuit.

March 3, 1964.

Rehearing Denied March 30, 1964.

Arnold Ordman, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Dominick Manoli, Associate Gen. Counsel, N. L. R. B., Solomon I. Hirsh, Paula Omansky, Attys., N. L. R. B., Washington, D. C., for petitioner.

Charles R. Vickery, Jr., Liddell, Austin, Dawson & Sapp, Houston, Tex., Harley W. McConnell, Houston, Tex., for respondent.

Before HUTCHESON and GRIFFIN B. BELL, Circuit Judges, and BREWSTER, District Judge.

HUTCHESON, Circuit Judge.

This is not at all a run of the mine case. The order of the board was based not on a finding that the failure to bargain, to which the board's order was directed, occurred within the first year of certification, but on the ground that, under the board's decision in Mar-Jac Poultry Co., Inc., 136 NLRB 785, the board had the right, because of respondent's failure to bargain during part of the first year, to extend the year for a period equivalent to that part of the year in which the respondent had failed to bargain.

Respondent insists that it had taken its action in refusing to bargain in the good faith belief that the union, which had been certified, had lost its majority and that the board's action upon the pretended authority of the Mar-Jac Poultry case, supra, in extending the union's certification period for an additional time, was invalid because neither statute nor decision authorizes such action.

In support of this view, respondent cites and strongly relies on N. L. R. B. v. Minute Maid, 283 F.2d 705 (5th Cir.) and N. L. R. B. v. Florida Citrus Canners Coop., 288 F.2d 630 (5th Cir.).

The board, citing and relying on N. L. R. B. v. Sonics Corp., 1 Cir., 312 F.2d 610, Brooks v. N. L. R. B., 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125, N. L. R. B. v. Sharon Hats, Inc., 5 Cir., 289 F.2d 628, Superior Engraving Co. v. N. L. R. B., 7 Cir., 183 F.2d 783, and Franks Bros. Co. v. N. L. R. B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020, insists that the board was right and the respondent wrong.

A careful reading of the briefs and cases cited by both sides and consideration of the oral arguments convince us: that there is a good deal of weight in the board's position, that its action in this case was not beyond its powers; and, in view of the undisputed evidence as to earlier failure to bargain, we think the board's action, in making the order dismissing the decertification petition and granting the union an additional six months beyond the certification year in which to bargain, was reasonable and proper.

Enforced.