**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GEBHARDT–VOGEL TANNING COM-PANY, Respondent.**

No. 16216.

United States Court of Appeals Seventh Circuit.

Jan. 22, 1968.

**72**

Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul J. Spielberg, Attorney, N.L.R.B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Peter M. Giesey, Attorneys, N.L.R.B. for petitioner.

Richard L. Harrington, Robert K. Drummond, Milwaukee, Wis., for respondent.

Before HASTINGS, Chief Judge, MAJOR, Senior Circuit Judge, and SCHNACKENBERG, Circuit Judge.

MAJOR, Senior Circuit Judge.

This case is here upon petition of National Labor Relations Board, pursuant to Sec. 10(e) of the National Labor Relations Act as amended (29 U.S.C.A. Sec. 151 et seq.), for enforcement of its order issued against respondent, Gebhardt-Vogel Tanning Company, on June 3, 1966, reported at 158 NLRB No. 123.

The complaint issued on charges filed by Leather Workers Union, Local No.' 47, Amalgamated Meat Cutters and Butcher Workmen of North America, AFL-CIO (the Union), and alleged:

"At all times since on or about September 8, 1965, the Respondent has refused and continues to refuse to bargain in good faith with the Union and has instead questioned the Union's majority status at a time when, as the Board found in Case No. 30–RD–12 (154 NLRB No. 68), the Union had not had the opportunity to enjoy one year of actual bargaining after its certification, because of the Employer's unfair labor practices and because of the filing of the RD petition."

Respondent by answer admitted its refusal to bargain because of its good faith doubt that the Union represented a majority of its employees, and alleged that such doubt "is based upon a Decertification Petition filed by employees of Respondent with the Board on July 28, 1964," and further, "that the Board's Decision and Order dismissing said Petition (Case No. 30–RD–12) was erroneous, in excess of the Board's authority, contrary to the terms of Sections 9(c) (1) and 10(b) of the National Labor Relations Act, unsupported by the Record, and violative of due process of law." The answer further alleged "that the failure of the Board to grant a hearing with respect to issues raised by its Order to Show Cause in Case No. 30–RD–12 was violative of Section 9(c) (1) of the National Labor Relations Act and due process of law."

The Board in its decision here under attack found that on July 9, 1963, following an election, the Board certified the Union as the bargaining representative of respondent's employees in an appropriate unit and that on July 28, 1964, employees of respondent filed a Decertification Petition under Sec. 9(c) (1) of the Act, alleging that the Union was no longer the statutory representative of employees in the appropriate unit, and requested an election to prove the allegation. The Board further found that on August 31, 1965, it issued its decision dismissing the Petition for Decertification "upon the ground that, as Respondent had unlawfully delayed in furnishing wage information for a period of 5 months during the certification year, the Union had not had the benefit of the certification for a full year at the time the petition was filed."

As the Board notes in its decision, the parties stipulated, "Subsequent to August 31 and continuing to date, Respondent has challenged the validity of the

Board's Decision and Order in Case No. 30–RD–12, and Respondent has refused to bargain with the Union in reliance on the initial Decertification Petition and its continuing doubt that the Union represents a majority of its employees."

From the numerous contentions advanced by respondent in its attack upon the Board's decision, we think there clearly emerges the decisive issue as to whether the Board's finding that "Respondent had unlawfully delayed in furnishing wage information for a period of 5 months during the certification year" is supported by substantial evidence on the record considered as a whole. 29 U.S. C.A. Sec. 160(e). In this connection it is pertinent to observe that in this entire proceeding there has at no time been introduced evidence—oral, documentary or otherwise—in support of such finding.

Inasmuch as the instant order is dependent upon the Board's previous order of August 31, 1965, dismissing the employees' Petition for Decertification, we think the latter is of controlling importance. In this order, after noting that the Union was certified on July 9, 1963, and that a Decertification Petition was filed on July 28, 1964 (more than a year later), the Board stated that the Regional Director investigated the petition and determined "that there was reasonable cause to believe that a question of representation affecting commerce existed, and accordingly provided for an appropriate hearing upon due notice." Notwithstanding this determination by the Regional Director, the Board concluded "that the notice of hearing heretofore issued by the Regional Director be, and it hereby is, quashed."

At a so-called hearing on August 24, 1964, no evidence was heard. The transcript reveals only a colloquy between the Hearing Officer and counsel for the respective parties, including the Union as intervenor, and an offer of proof by the Union. At that time, the Union attempted to introduce evidence that it had filed a refusal to bargain charge in case No. 13–CA–5923 on October 7, 1963, based on respondent's refusal to furnish certain information; that respondent furnished said information on December 17, 1963, and that the Union withdrew the charge. Evidence of this nature was sought to be introduced for the purpose of demonstrating that the Union was deprived of its right to bargain during the one-year certification period. Respondent objected to the admission of such evidence as not being proper in a representation proceeding. The objection was sustained by the Hearing Officer and the admission of the proffered testimony denied.

Returning to the Board's decision dismissing the Petition for Decertification, it found:

"On August 24, 1964, the hearing was held. Thereafter, briefs were duly filed by the Employer and the Union, and were served on the other parties. The Union's brief alleged in part that the Employer had refused, during the certification year, to furnish certain requested wage information; the Union had filed a timely charge that the Employer thereby unlawfully refused to bargain (Case No. 13–CA–5923); and it was only after the Regional Director informed the Employer that he intended to issue a complaint, based on the charge, that the Employer furnished the wage information the Union had requested 5 months earlier; whereupon the Union withdrew its charge at the Regional Director's request.[1] The brief argued that no effective collective bargaining could take place during the 5-month period of the Employer's refusal to furnish the requested information; that the Board should hold, in accord

---

1. While the Board found that the Union withdrew its charge at the Regional Director's request, there is nothing in the record relative to this point other than the Union's offer of proof made at the Au-

gust 24, 1964 hearing that, when the requested information was furnished, "The Union did then request that the charge filed in 13–CA–5923 be withdrawn."

with the principle established in Mar-Jac Poultry Company, Inc., (136 NLRB 785), that no question concerning representation could exist until the Employer had honored the certification for a period of at least a year; and that the Board should, therefore, dismiss the petition.

"On March 18, 1965, the Board, having been administratively informed by the Regional Director that the facts and circumstances were substantially as alleged in the Union's brief, issued an Order to Show Cause why the Board should not accept as true the factual allegations in the Union's offer of proof made at the hearing; why the Board should not take administrative notice of certain information appearing in the file in Case No. 13–CA–5923; and why the foregoing matters do not warrant application of the Mar-Jac principle so as to allow the Union at least a full year of actual bargaining before a decertification petition will be entertained."

Respondent by its response admitted that the Board might accept as a fact that the Union on October 7, 1963 filed an unfair labor practice charge in Case No. 13–CA–5923, based on respondent's alleged refusal to furnish relevant information, and that such charge was subsequently withdrawn. It further responded:

"To accept other facts as true that the Union requested information and the date of such request, that the Employer refused to furnish such information, that the Employer subsequently furnished such information and that the Union withdrew its charge as a result thereof would be in direct violation of due process as a hearing has never been held to determine any of such facts and, further, would violate the statutory mandate of Section 10(b) of the National Labor Relations Act which *inter alia* provides that proceedings shall be so far as practicable conducted in accordance with the Federal Rules of Civil Procedure."

The Board concluded its decision dismissing the Petition for Decertification:

" * * * we are satisfied that the Employer's belated furnishing of the requested information, after the charge was filed and issuance of a complaint was authorized, and the Union's consequent withdrawal of the charge at the request of the Regional Director [see footnote 1], are tantamount to a settlement of the unfair labor practice proceeding, less formal but essentially not different from the written settlement agreement which The Board in *Mar-Jac* considered a sufficient foundation for extending the period following a certification during which no valid petition may be filed."

As noted, the Board in its decision sought to be enforced relied upon its previous decision dismissing the Petition for Decertification "upon the ground that, as Respondent had unlawfully [2] delayed in furnishing wage information for a period of 5 months during the certification year, the Union had not had the benefit of the certification for a full year at the time the petition was filed." Obviously, whether respondent "delayed in furnishing wage information for a period of 5 months" presented a factual issue.

As revealed by its decision dismissing the Decertification Petition, the Board in support of this crucial factual issue just stated relies upon three categories of so-called proof, (1) statements made in the Union's brief, (2) proof offered by counsel for the Union at the hearing on August 24, 1964, the admission of which was rejected by the Hearing Officer, and (3) the charge filed by the Union on October 7, 1963, alleging that respondent committed an unfair labor practice by refusing to furnish requested information, upon which no complaint

---

**2.** For some reason unexplained, the Board on brief characterizes the delay in furnishing information as "unjustified" rather than "unlawful," as stated in its decision.

was issued and which was later withdrawn by the Union.

 In our view, and we know of no case which has held otherwise, an employer is entitled to a hearing when charged with misconduct which, if proven, would justify the Board in extending the certification year. Certainly statements made in a party's brief, or proof offered by an opposing party but rejected, cannot be utilized as a substitute therefor. Neither is there any evidentiary value in a charge made and withdrawn. As this court stated in National Labor Relations Board v. Minute Maid Corp., 5 Cir., 283 F.2d 705, 710, 95 A.L. R.2d 660;

> "Nor is the Board relieved of its duty to consider and act upon an application for decertification for the sole reason that an unproved charge of an unfair practice has been made against the employer. To hold otherwise would put the union in a position where it could effectively thwart the statutory provisions permitting a decertification when a majority is no longer represented."

See also National Labor Relations Board v. The Electric Furnace Company, 6 Cir., 327 F.2d 373, 375, where the Court cited numerous Board decisions in support of the statement, "The Board has held that a withdrawn charge cannot support allegations of unfair labor practices * *."

 Furthermore, we do not think the Board can nullify an employer's right to a hearing on a crucial factual issue by resort to a show cause order. This appears to be a novel procedure; at any rate, no case is cited where it has been approved. If the Board can properly utilize it in the instant situation, we discern no reason why it could not do so in every unfair labor practice charge by calling upon the employer to admit the allegations of the charge or take the risk of having them accepted as a verity.

It hardly appears necessary to discuss the principle announced in Mar-Jac Poultry Co., Inc., 136 NLRB 785, upon which the Board relies here. The holding in that case in substance is that where a union is deprived of the opportunity to bargain for a substantial portion of the certification year through no fault of its own, the Board may properly extend the union's right to bargain for an equivalent period of time. We assume this is a sound principle, but its utilization is dependent upon the factual situation to which it is sought to be applied.

The Board on brief asserts that there are only two courts which have expressly considered and approved the extension principle. National Labor Relations Board v. Commerce Co., 328 F.2d 600, 601, and National Labor Relations Board v. Burnett Construction Company, 350 F.2d 57, 60. In Commerce, the Company admitted its refusal to bargain during part of the certification year. In approving application of the extension principle, the Court stated (328 F.2d page 601):

> " * * * in view of the undisputed evidence as to earlier failure to bargain, we think the board's action, in making the order dismissing the decertification petition and granting the union an additional six months beyond the certification year in which to bargain, was reasonable and proper."

In Burnett, the situation was similar. There, the company challenged the jurisdiction of the Board and refused to recognize the union during the certification year. The Board applied the extension principle, and the Court in approving its order stated (350 F.2d page 60):

> "In light of the evidentiary support of the Board's conclusion that respondent refused to bargain, it cannot be said that the extension here is unwarranted."

Thus, in both cases there was a factual basis for the Board's application of the extension principle. In contrast, there is no such basis revealed by the record in the instant case.

We conclude that the Board's finding that "Respondent had unlawfully delayed in furnishing wage information for a

period of 5 months during the certification year" was without the requisite evidentiary support. It follows that the Board's action in extending the certification period beyond a year was erroneous and that respondent was not in violation of the Act by its refusal to bargain as charged.

The Board's petition for enforcement of its order is denied.