## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## QUAKER TOOL & DIE, INC., Respondent.

No. 18226.

United States Court of Appeals Sixth Circuit.

Nov. 15, 1968.

Hans J. Lehman, Atty., N.L.R.B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N.L.R.B., Washington, D. C., on brief.

Ronald L. Coleman, Cleveland, Ohio, for respondent; John J. Adams, Squire, Sanders & Dempsey, Cleveland, Ohio, on brief.

Before EDWARDS and COFFIN,* Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of an order finding 8(a) (1) and 8(a) (5) violations of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) and (5) (1964), and requiring respondent to bargain with the union, The United Steelworkers of America, AFL-CIO.

The essential facts in this case are set forth in full in this court's opinion in NLRB v. Schnell Tool & Die Corp., 359 F.2d 39 (6th Cir. 1966). In that case this court found serious violations of the National Labor Relations Act committed by the Schnell Tool & Die Corp. before it leased one of its plants to Quaker Tool & Die, Inc., and refused enforcement of those portions of the Board's order which could only be effective against Quaker Tool because there had been no factual record developed to determine whether or not it was a successor corporation.

In the record now before us such evidence has been developed and the Board found that Quaker Tool was a successor to Schnell and bound by the certification of the union as the bargaining representative for Schnell's previous employees. See John Wiley & Sons v. Living-

* Hon. FRANK M. COFFIN, United States Court of Appeals for the First Circuit, sitting by designation.

ston, 376 U.S. 543, 548, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Makela Welding, Inc. v. NLRB, 387 F.2d 40 (6th Cir. 1967). Our review of the record indicates that there is substantial evidence to support the Board's findings. Quaker Tool's incorporators knew of the NLRB certification of the Steelworkers union at Schnell and of the NLRB decision and order in the *Schnell* case. The union here has clearly never received either from Schnell or from Quaker the good faith bargaining rights for one year that it was entitled to under settled law. Brooks v. NLRB, 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125 (1954); NLRB v. Commerce Co., 328 F.2d 600 (5th Cir.), cert. denied, 379 U.S. 817, 85 S.Ct. 32, 13 L.Ed.2d 28 (1964); NLRB v. Miami Coca-Cola Bottling Co., 382 F.2d 921 (5th Cir. 1967).

Enforcement of the Board's order is granted.