**COCKER SAW COMPANY, Inc.,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

**Nos. 896, 897, Dockets 35697, 71–1168.**

United States Court of Appeals,
Second Circuit.

Argued June 17, 1971.

Decided July 7, 1971.

Richard L. Wolf, Buffalo, N. Y. (Randall M. Odza and Jaeckle, Fleischmann & Mugel, Buffalo, N. Y., on the brief), for petitioner.

Warren M. Davidson, Atty., N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Paul J. Spielberg, Atty., N.L.R.B., Washington, D. C., on the brief), for respondent.

Before LUMBARD and KAUFMAN, Circuit Judges, and TIMBERS, District Judge.*

TIMBERS, District Judge:

In December 1969, District No. 76, International Association of Machinists and Aerospace Workers, AFL–CIO (the Union), won a Board-conducted election and was certified as the exclusive bargaining representative of the employees of Cocker Saw Company, Inc. (the Company). The Union thereupon requested the Company to begin negotiations toward a collective bargaining agreement.

In February 1970, the Company was presented with a paper, signed by over half of its employees, which stated that the employees did not wish to be represented by the Union and that they had formed an independent union of their own. On March 2, the Company was informed that the new union established by the employees had elected officers and a bargaining committee and that it wished to begin negotiations with the Company.

* Chief Judge of the District of Connecticut, sitting by designation.

On March 3, the Company filed two petitions with the regional office of the Board. One petition was a request by the Company to amend the original certification to change the name of the bargaining unit from District No. 76 to "Cocker Saw Employees." The other petition, filed pursuant to Section 9(c)(A) of the Act, requested a new election. Also on March 3, the Company informed the Union that it was deferring negotiations with any union until the Board ruled upon the two petitions.

On March 9, the Union filed the unfair labor practice charge which is the subject of the instant petition to review.

On March 25, the Regional Director dismissed both of the Company's petitions. The Board denied the Company's request to review the Regional Director's dismissal of the petitions as lacking in merit.

On July 22, the Trial Examiner ruled that the Company's refusal to bargain with the Union constituted an unfair labor practice in violation of Section 8(a)(5) and (1) of the Act. As a remedy, the Examiner recommended that the Company be ordered to begin bargaining with the Union; and that the certification year recommence when the Company began to bargain in good faith.

On November 30, the Board adopted the findings, conclusions and order of the Examiner in all respects. 186 N.L.R.B. No. 101 (1970).

We hold that the Board correctly affirmed the decision of the Examiner and that the Board's order should be enforced.

■ The Company's petition for a new election pursuant to Section 9(c)(1)(A) of the Act was in contravention of the statutory prohibition against a new election within one year of a valid election. Section 9(e)(2) of the Act. Here, a new election was requested less than three months after the Board-conducted election. The Company, however, characterizes its petition as one for revocation of, rather than for a new, election.

■ The Company's petition to change the name of the unit on the certification was properly dismissed. An amendment to a certification is proper only to permit changes in the name of the representative, not to change the representative itself. Missouri Beef Packers, Inc., 175 N.L.R.B. No. 179 (1969). In the instant case, it is clear that a change in the name of the certified unit to "Cocker Saw Employees" would result in an ouster of the certified bargaining representative (District No. 76) and would create an entirely new unit. When an amended certificate would change the identity of the certified unit, it will not be permitted unless the original representative is defunct or the new unit is the alter ego of the old. Equipment Manufacturing, Inc., 174 N.L.R.B. No. 74 (1969). Here, District No. 76 was alive and well, and ready to bargain.

In Ray Brooks v. NLRB, 348 U.S. 96 (1954), the Supreme Court approved the Board's working rule that, absent "unusual circumstances," the certification of a bargaining unit pursuant to a Board election "must be honored for a 'reasonable' period, ordinarily 'one year.'" 348 U.S. at 98. The "unusual circumstances" which may justify relaxation of the one year rule, see 348 U.S. at 98–99, are inapplicable here where the originally certified unit was ready, willing and able to bargain collectively. NLRB v. Henry Heide, Inc., 219 F.2d 46 (2 Cir. 1955); Hershey Chocolate Corp., 121 N.L.R.B. No. 901 (1958).

■ As for the remedy sanctioned by the Board, while we recognize that this presents a closer question, we nevertheless defer to the Board's expertise in ordering that the certification year recommence when the Company began to bargain in good faith with the Union, NLRB v. Gebhardt-Vogel Tanning Co., 389 F.2d 71 (7 Cir. 1968), even though at first blush it appears to have the practical effect here of extending the certification period from twelve to fifteen months. But the Board has broad sanction powers. NLRB v. Gissel Pack-

ing Co., 395 U.S. 575 (1969). And if we were to permit the Company to be "credited" with the three months in which it did bargain with the Union, the result would be that the Company would profit from its wrongful refusal to continue further negotiations.

Petition denied; order enforced.