NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

ALLIS–CHALMERS CORPORATION,
Respondent.

No. 76–4182.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1977.

---

Elliott Moore, Deputy Assoc. Gen. Counsel, John S. Irving, Counsel, Carl L. Taylor, Assoc. Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Marion Griffin, Atty., Linda Dreeben, Christine W. Peterson, Atty., N.L.R.B., Washington, D. C., for petitioner.

E. Grady Jolly, Jackson, Miss., Nicholas T. Jordan, Corporate Employee Relations, Allis-Chalmers Corp., Milwaukee, Wis., for respondent.

Before COLEMAN, SIMPSON and TJOFLAT, Circuit Judges.

PER CURIAM:

In this action, the National Labor Relations Board seeks to enforce its order requiring Allis-Chalmers Corporation to cease and desist from certain unfair labor practices found by the Board. Specifically, the N.L.R.B. found that Allis-Chalmers had violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) (1970), while a representation election was pending and during the campaign therefor, by granting and promising benefits to undercut employee support for the Union, by coercively interrogating employees concerning the Union, by threatening employees with sanctions for union activity, by creating the impression that union activities were under surveillance, by soliciting employee grievances, and by soliciting employee assistance in the Company's anti-union campaign. Substantial evidence in the record supports the Board's findings and compels this Court to accept the Board's conclusion that Section 8(a)(1) violations have been established. See *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The record furnishes no basis upon which to upset the credibility choices properly made by the administrative law judge and affirmed by the N.L.R.B.

Allis-Chalmers also raises two procedural issues which we find to be without merit.

Section 10(b) of the Act requires the filing of a charge as a prerequisite to Board action and precludes the General Counsel from issuing a complaint on his own initiative. Allis-Chalmers asserts that the charges in the N.L.R.B. complaint are so far removed from those first made by the Union that, in effect, the Board has acted on its own initiative. Applying the standard set forth in *Texas Industries, Inc. v. N.L.R.B.*, 336 F.2d 128 (5th Cir. 1964), the Board properly concluded that there was a sufficient relationship between the Union's charges and the subsequent N.L.R.B. complaints. Furthermore, we have held that "[g]eneral allegations, such as that the employer 'by other acts and conduct . . . interfered with, restrained and coerced its employees in the exercise of their rights guaranteed in section 7 of the Act,' are legally sufficient to cause inclusion of these 'other acts' in the complaint if those acts are sufficiently related to the specific acts alleged". *N.L.R.B. v. Rex Disposables*, 494 F.2d 588, 590 (5th Cir. 1974). *See also N.L.R.B. v. Central Power & Light Co.*, 425 F.2d 1318, 1320 (5th Cir. 1970). Here, in addition to charging specific unfair labor practices in a year-long campaign against the Union, the Union included a general allegation that "by the above and *other acts*" (emphasis ours), Allis-Chalmers interfered with its employees' Section 7 rights. Thus, the requirements of Section 10(b) were fully met.

Charges that Allis-Chalmers violated Section 8(a)(5) of the Act are now pending before the N.L.R.B. The Company has asked this Court to stay enforcement of the instant Board order pending the Board's decision in these additional proceedings. We agree with the Board that resolution of the pending charges will not affect the outcome of this case. Public policy argues against deferring redress of the Section 8(a)(1) violations already established in this case merely because additional, separable allegations against the Company are outstanding.

The Board ordered Allis-Chalmers "to cease and desist from engaging in the unfair labor practices found and, in view of the extensive and continuing nature of its coercive conduct, from *in any other manner* interfering with, restraining or coercing employees in the exercise of their Section 7 rights". (Emphasis in original). We do not agree that the Company's violations of the Act were so egregious or pervasive as to justify so broad an order. Accordingly, we find that the italicized portion of the order runs afoul of our prior decisions and should be modified to prohibit the Company from interfering with, restraining, or coercing [its] employees "in any like or related manner." *Sweeney & Co. v. N.L.R.B.*, 437 F.2d 1127, 1135–36 (5th Cir. 1971); *N.L.R.B. v. Builders Supply Co. of Houston*, 410 F.2d 606, 611 (5th Cir. 1969).

The Board's order is Modified, and as Modified, ENFORCED.