NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

LOU TAYLOR, INC. and Mr. T., Inc., Respondents.

No. 77–1542
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 21, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Elliott Moore, Deputy Assoc. Gen. Counsel, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Assoc. Gen. Counsel, Marion L. Griffin, Atty., N.L.R.B., Washington, D. C., for petitioner.

Michael W. Casey, III, Miami, Fla., for respondents.

Before COLEMAN, GODBOLD, and TJOFLAT, Circuit Judges.

PER CURIAM:

The National Labor Relations Board (Board) petitions for enforcement of its order that Lou Taylor, Inc. and Mr. T., Inc. (Company) cease and desist from certain unfair labor practices. The Board found that the Company violated section 8(a)(1) of the National Labor Relations Act (NLRA) 29 U.S.C. § 158(a)(1) (1970), by promising benefits immediately before a representation election and granting those benefits after the union lost the election and that it violated section 8(a)(3) and (1), NLRA, 29 U.S.C. § 158(a)(3) and (1) (1970), by not recalling a pro-union employee after he was laid off for valid economic reasons.

■ We must enforce the Board's order if it rests upon substantial evidence considering the record as a whole. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 489–91, 71 S.Ct. 456, 463–66, 95 L.Ed. 456 (1951). The record discloses that, on the day before the representation election, the president of the Company had the employees assembled for a speech. During the course of the speech, which was intended to discourage the employees from voting for union representation, the president promised that there would be a company Christmas party and that the employees would be paid for the time spent at the party and for the holiday. These benefits were subsequently granted. The administrative law judge found that this action violated section 8(a)(1) of the NLRA, despite the Company's contention that Christmas parties were not new benefits and there were valid reasons for the absence of Christmas parties in the preceding years. The Board affirmed these findings, and we see no basis in the record for upsetting them. Thus, the portion of the Board's order dealing with this section 8(a)(1) violation must be enforced.

■ The Board found that the Company's lay-off of employee Rodriguez was for economic reasons and not in violation of the NLRA. The Board concluded, however, that the Company's subsequent failure to recall Rodriguez when its economic situation improved was motivated by Rodriguez's union activities and therefore a violation of section 8(a)(3) of the NLRA. The record does not support this finding. The burden of proving that the employer "had an opportunity and did in fact fail to recall or consider [Rodriguez] for reemployment while considering others for recall" rests with the General Counsel. *NLRB v. Collier,* 553 F.2d 425, 428 (5th Cir. 1977). The Counsel has not met this burden; in fact, the Company has shown that its policy is never to recall any employees whom it has laid off for economic reasons. The Company has determined that it is preferable to hire new employees instead. It is insuffi-cient in seeking enforcement of an order remedying a section 8(a)(3) violation simply to show that in the Board's judgment an employer *should* have a recall policy. The Board may not substitute its judgment for that of the employer in making such a business decision. *NLRB v. Fontainebleau Hotel Corp.,* 300 F.2d 662, 665 (5th Cir. 1962). We therefore refuse to enforce the portion of the Board's order granting relief for the Company's failure to recall Rodriguez.

■ The Board ordered the Company "to cease and desist from . . . *in any other manner* interfering with, restraining, or coercing employees in the exercise of their rights under Section 7 of the Act." (Emphasis added.) Because we have determined that the Board was incorrect in holding that the Company violated section 8(a)(3) of the NLRA by refusing to recall Rodriguez, the Company's only violation of the NLRA consisted of promising and granting benefits. Such a violation is not so egregious or pervasive as to justify so broad a proscription. *NLRB v. Allis-Chalmers Corp.,* 563 F.2d 674, 676 (5th Cir. 1977). That portion of the order should be modified to prohibit the Company from interfering with, restraining or coercing its employees "in any like or related manner." *NLRB v. Express Publishing Co.,* 312 U.S. 426, 437, 61 S.Ct. 693, 700, 85 L.Ed. 930 (1941); *Sweeney & Co. v. NLRB,* 437 F.2d 1127, 1135–36 (5th Cir. 1971).

ENFORCEMENT ORDERED IN PART, AS MODIFIED, AND DENIED IN PART.