**DELCHAMPS, INC., Petitioner, Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.**

**No. 77–2952.**

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1978.

---

**93**

Before WISDOM, GODBOLD and TJO-FLAT, Circuit Judges.

WISDOM, Circuit Judge:

Delchamps, Inc. petitions this Court to review and set aside an order of the National Labor Relations Board. The Board has cross-petitioned for enforcement of its order.

Delchamps is an Alabama corporation that operates a chain of grocery stores, including a store in Fairhope, Alabama. The Board found that Delchamps violated § 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), at the Fairhope store by creating an impression that it was engaged in surveillance of employees' union activities and by threatening employees with dismissal if they supported the union. The Board also found that the company had violated §§ 8(a)(3) and 8(a)(1) of the Act by discharging Susan Johnson, an employee of the Fairhope store, because of her union activities. We grant enforcement as to that portion of the order involving company surveillance of union activities and threats of dismissal.

## I.

Section 7 of the National Labor Relations Act ensures employees the right to form, join, or assist labor organizations. 29 U.S.C. § 158. Section 8(a)(1) of the Act makes it an unfair labor practice for an employer to "interfere with, restrain, or coerce employees in the exercise" of their § 7 rights. It is a violation of § 8(a)(1) for an employer to create the impression of employer surveillance of the union activities of employees. *E. g., NLRB v. Borden Co.,* 5 Cir. 1968, 392 F.2d 412, 414. It is also a § 8(a)(1) violation for an employer to threaten economic reprisal, such as dismissal, against employees displaying union sympathies. *E.g., J. P. Stevens & Co. v. NLRB,* 5 Cir. 1971, 441 F.2d 514, 518, *cert. denied,* 404 U.S. 830, 92 S.Ct. 69, 30 L.Ed.2d 59. The Board found that supervisory employees of the Delchamps store in Fairhope violated § 8(a)(1) in both of these ways. Be-

William F. Banta, New Orleans, La., for petitioner, cross-respondent.

Elliott Moore, Deputy Assoc. Gen. Counsel, John S. Irving, Gen. Counsel, John Higgins, Jr., Deputy Gen. Counsel, John G. Elligers, Atty., Susan S. McDonald, Atty., N.L.R.B., Washington, D. C., for respondent, cross-petitioner.

George C. Longshore, No. 1657, AFL-CIO–CLC, R.C.I.A., Birmingham, Ala., for other interested parties.

cause that finding is supported by substantial evidence on the record as a whole, we accept it. 29 U.S.C. § 160(e)–(f); *Universal Camera Corp. v. NLRB*, 1951, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456. Substantial evidence supports the conclusion that supervisory employees of the Fairhope store told other employees that union organizing meetings were being monitored by management and that a company "spy" had attended the meetings. Substantial evidence supports the conclusion that threats to discharge employees who supported the union were conveyed during these conversations.

## II.

■ We do not, however, find that substantial evidence on the record considered as a whole supports the Board's conclusion that the company discharged Susan Johnson for engaging in protected activity. Johnson, a union activist, was a cashier at the Fairhope store. On August 5, 1976, Johnson checked out the purchases made by a customer, Jane Crutherds. A dispute developed because Johnson refused to accept all but one or two of the seventy discount coupons Crutherds had proffered for redemption. Johnson failed to call a manager, as required by store policy in the event of any dispute between a cashier and a customer. After returning home, Crutherds called Delchamps and complained about the treatment she had received from a cashier at the Fairhope store. Crutherds provided the company with a description of the offending cashier, but she did not know the cashier's name. After a few days, the complaint had passed through company channels to Hugh Bray, area supervisor over the Fairhope store. Bray telephoned Crutherds, listened to her description of the incident, and asked her to describe the offending employee to the store manager when she next visited the Fairhope store. Bray then called Eddie Holmes, the manager of the Fairhope store, and instructed him to suspend the cashier involved as soon as she was identified and to investigate the matter further. Thus, at the point when the decision to suspend Johnson was made, Bray could not have known she was a union

activist, since he did not even know her identity.

On the morning of August 12, Crutherds appeared at the Fairhope store and spoke with Holmes. From her description, Holmes identified Johnson as the cashier involved. Acting on Bray's instructions, Holmes confronted Johnson when she arrived for work later that morning and suspended her pending further investigation. Holmes then interviewed the other employees present at the time the dispute between Johnson and Crutherds arose. On August 16, Bray appeared at the store and discussed the incident with Holmes and Johnson. After listening to Johnson's explanation, Bray discharged her.

■ We agree with Delchamps that the Board failed to demonstrate that Johnson's dismissal was unlawfully motivated. To prove a violation of § 8(a)(3), the Board must show that the employer had knowledge of Johnson's union activity. *Texas Aluminum Co. v. NLRB*, 5 Cir. 1970, 435 F.2d 917, 919. Holmes and his two assistant managers knew that Johnson was a union activist. It was Bray, however, who discharged Johnson. Bray testified that he did not know of Johnson's union activities when he discharged her, and the Board made no finding to the contrary. Rather, the Board seeks to justify its finding of a violation of §§ 8(a)(3) and 8(a)(1) by imputing to Bray the knowledge of Holmes and the assistant managers. We reject that theory.

■ When the employer's agent responsible for the discharge of an employee has no knowledge at the time of the firing that the employee had been involved in union activities, it would defy logic and twist the objectives of the Act to find that the discharge violated §§ 8(a)(3) and 8(a)(1) because it was in retaliation for such activities. This Court has recognized the force of this argument by holding that, to prove a violation of these sections of the Act, the Board must show that the particular supervisor responsible for the firing knew about the discharged employee's union activities. *NLRB*

*v. Whitfield Pickle Co.,* 5 Cir. 1967, 374 F.2d 576, 581. *See also Santa Fe Drilling Co. v. NLRB,* 9 Cir. 1969, 416 F.2d 725, 731–32; *Federation of Union Representatives v. NLRB,* 2 Cir. 1964, 339 F.2d 126, 128–29. Since Holmes and the assistant store managers did not inform Bray, who was solely responsible for the discharge, that Johnson was involved in union activities, their knowledge "obviously could not have been a cause of the firing". *Federation of Union Representatives,* 339 F.2d at 129. This is not a case in which a supervisor with such knowledge who was not nominally responsible for the firing nevertheless played a significant role in procuring the discharge. *Compare NLRB v. Neuhoff Bros. Packers, Inc.,* 5 Cir. 1967, 375 F.2d 372, 374–76. Nor is this a case in which the Board has relied on circumstantial evidence to infer that the knowledge of one supervisor has been communicated to the supervisor responsible for the discharge. *Compare Texas Aluminum,* 435 F.2d at 919. The Board drew no such inference in this case. Rather, it relied on the theory that the law should mechanically impute the knowledge of others to Bray. We reject that theory and, therefore, refuse enforcement of this part of the Board's order.

### III.

 In its reply brief, Delchamps objects to paragraph 1(d) of the Board's order, which requires the company to cease and desist from "in any manner interfering with, restraining or coercing its employees in the exercise of their rights guaranteed by the Act". The company argues that this broad relief is inappropriate in this case

1. The company points to Exception 91 of the Bill of Exceptions to the decision of the administrative law judge. That objection goes not to paragraph 1(d) of the order, but to the "Notice to Employees" that the order required the company to post.

2. The company raised two other objections. First, it challenged the impartiality of the administrative law judge. We find no merit to that contention. Second, it objected to the Board's refusal to furnish a bill of particulars as requested by the company. We find that the company failed to show the "good cause" necessary for granting its motion for a bill of

under this Court's decisions in *NLRB v. Lou Taylor Inc.,* 5 Cir. 1977, 564 F.2d 1173, 1175, and *NLRB v. Allis-Chalmers Corp.,* 5 Cir. 1977, 563 F.2d 674. The record reflects that Delchamps never challenged this portion of the order before the Board.[1] The company is barred from raising that objection for the first time before this Court. 29 U.S.C. § 160(e); *NLRB v. Ochoa Fertilizer Corp.,* 1961, 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312.[2]

ENFORCEMENT ORDERED IN PART and DENIED IN PART.

particulars. *See, e. g., NLRB v. Rex Disposables,* 5 Cir. 1974, 494 F.2d 588, 592. In these circumstances, the Board would not have been required to disclose information compiled during its investigation of the company even if the company had sought the information under the Freedom of Information Act. *NLRB v. Robbins Tire & Rubber Co.,* 1978, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159.